**UNITED STATES of America**

v.

**Michael E. WORKCUFF, Appellant.**

**No. 22555.**

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 28, 1969.

Decided Jan. 8, 1970.

Mr. Jerry C. Straus, Washington, D. C. (appointed by this court), for appellant.

Mr. John A. Terry, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and William S. Block, Asst. U. S. Atty., were on the brief, submitted on the brief for appellee. Messrs. David G. Bress, U. S. Atty., at the time the record was filed, and Roger E. Zuckerman, Asst. U. S. Atty., also entered appearances for appellee.

Before FAHY, Senior Circuit Judge, and TAMM and ROBINSON, Circuit Judges.

PER CURIAM:

Appellant was indicted for first degree burglary (22 D.C.Code § 1801(a) (Supp. II 1969)), assault with intent to commit carnal knowledge, and taking indecent liberties with a minor (22 D.C. Code §§ 501, 3501(a) (1967)). He was tried by a jury in the district court and was found guilty on the first and third counts, the second count having been dismissed at trial. In this appeal he advances numerous contentions of error; however, we need discuss at length only one of these grounds, instruction of the jury without a court reporter present, for we have concluded that this fact requires us to reverse the judgment.

The instruction in question was given some time after the jury had been charged and had retired to deliberate; the reason why the additional instruction was deemed necessary does not appear in the record itself, but according to the supplemental affidavits filed by trial counsel,[1] it was given following a request for further instructions by both Government and defense counsel. Although the court reporter was inexplicably absent during this additional instruction, the prosecuting attorney made some notes which purport to reflect the substance of the charge.[2] These notes were apparently taken in an arcane, highly personalized form of shorthand, and consist primarily of illegible scrawls. According to the affidavits, neither trial counsel has any independent recollection of the contents of the additional instruction, and neither can state with assurance whether defense counsel made any objection to it. The Government asserts that we should infer defense counsel's acquiescence in the additional instruction, but we conclude that even if this assumption were warranted by the record, we would be compelled to remand for a new trial.

Reporting of criminal trials in the federal district courts is governed by 28 U.S.C. § 753(b) (1964), which provides:

> One of the reporters appointed for each such [district] court shall attend at each session of the court * * * and shall record verbatim by shorthand or by mechanical means * * * (1) all proceedings in criminal cases had in open court * * *.

Although the cases construing this provision seem to be in agreement on the proposition that these requirements are mandatory rather than permissive, several decisions have held that not every violation of the statute constitutes reversible error.[3] In light of the clear language of the statutory mandate, the ease with which its requirements can be satisfied, and the crucial importance of the tran-

---

1. Counsel for the appellant, who did not represent him at trial, discovered that the additional instruction had been given but not transcribed. He thereupon filed a motion in the district court to have the record made to conform to the truth, pursuant to Rule 10(e) of the Federal Rules of Appellate Procedure. Subsequently, counsel for the appellant and a representative of the United States Attorney's Office entered a stipulation supplementing the record on appeal; the material thus added included affidavits from both trial counsel and a photocopy of the notes made by the prosecuting attorney at trial, which are discussed in the text. Brief for the Appellant at 5–6 n. 5.

2. According to the prosecuting attorney's translation of his notes, the substance of the additional instruction given was as follows:

> If you find the defendant not guilty of both counts, that ends the case. If you find the defendant not guilty of count one, you must return a verdict of not guilty as to count three. If you find the defendant guilty of count one, you may find him guilty or not guilty of count three, or guilty of simple assault.

(Brief for the Appellant at 6.) In light of our disposition of this appeal, we intimate no view as to the propriety of the foregoing instruction.

3. *See, e. g.*, Calhoun v. United States, 384 F.2d 180 (5th Cir. 1967); Brown v. United States, 314 F.2d 293 (9th Cir. 1963); Burns v. United States, 323 F.2d 269 (5th Cir. 1963), cert. denied, 376 U.S. 907, 84 S.Ct. 660, 11 L.Ed.2d 606 (1964).

script to meaningful appellate review, we think that such exceptions should be narrowly construed; thus, we cannot conclude that this case is an appropriate instance for application of the harmless error rule.

There can be little doubt that the absence of a complete and accurate transcript impairs the ability of appellate counsel to protect his client's basic rights. As one commentator has observed,

> Recollections and notes of trial counsel and of others are apt to be faulty and incomplete. Frequently, issues simply cannot even be seen—let alone assessed—without reading an accurate transcript. Particularly is this true of questions relating to evidence or to the judge's charge * * *.[4]

The problem is greatly exacerbated when, as here, the attorney representing the appellant is different from the counsel who represented him at trial. The Supreme Court dealt with a similar handicap in Hardy v. United States, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964), a case involving a court's refusal to allow counsel for an indigent appellant to obtain the entire transcript of the trial proceedings. In reversing this decision, the Court observed that "[t]he right to notice 'plain errors or defects' is illusory if no transcript is available at least to one whose lawyer on appeal enters the case after the trial is ended." 375 U.S. at 280, 84 S.Ct. at 427; see also Tate v. United States, 123 U.S.App.D.C. 261, 269–270, 359 F.2d 245, 253–254 (1966).

The difficulties inflicted upon appellant's counsel by an inadequate transcript of the trial proceedings are necessarily shared by the reviewing court. It is dif-

ficult enough in normal circumstances to appraise the propriety of the trial court's various actions on the basis of a cold printed record; when that record is replaced by the incomplete hearsay recollections of one of the parties, our review is turned into an exercise in creative imagination. "It is a cardinal rule of appellate practice that the facts are those found in the record and not those found in the minds of the attorneys." United States v. Sigal, 341 F.2d 837, 850 (3d Cir. 1965) (Chief Judge Biggs concurring and dissenting), cert. denied, 382 U.S. 811, 86 S.Ct. 23, 15 L.Ed.2d 60 (1965); see also Washington v. Clemmer, 119 U.S.App.D.C. 216, 339 F.2d 715 (1964).

██ Notwithstanding the problems and delays which will result from remanding this case to the district court, we are convinced that this is the only acceptable alternative. We have found no cases applying the harmless error rule when the court reporter was absent during such a crucial stage of the trial as the instructions to the jury. Moreover, the instruction here challenged was probably accorded particular significance by the members of the jury because they were returned to the courtroom specifically for the purpose of receiving this additional charge. In this situation we cannot say that no substantial right of the appellant was affected without examining the precise language of the instruction and the circumstances in which it was given. Absence of this information constitutes a fatal defect, and therefore the judgment must be reversed and the cause remanded for further proceedings consistent with this opinion.

We have also considered appellant's contentions respecting the sufficiency of

---

4. Boskey, The Right to Counsel in Appellate Proceedings, 45 Minn.L.Rev. 783, 793 (1961) ; see also Hardy v. United States, 375 U.S. 277, 288, 84 S.Ct. 424, 431, 11 L.Ed.2d 331 (1964) (Justice Goldberg concurring) :

> As any effective appellate advocate will attest, the most basic and fundamental tool of his profession is the complete trial transcript, through which * * * his trained eyes may roam in search of an error, a lead to an error, or even a basis upon which to urge a change in an established and hitherto accepted principle of law. Anything short of a complete transcript is incompatible with effective appellate advocacy.

the evidence, and find no basis for reversal on that ground. Other contentions need not be considered in view of our reversal and remand for the reasons set forth above.

Reversed and remanded.