Leonard C. GASKINS, Appellant,

v.

UNITED STATES, Appellee.

No. 5235.

District of Columbia Court of Appeals.

May 22, 1970.

Richard H. Speidel, Washington, D. C., appointed by this court, was on the motion for appellant.

Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., filed an appearance for appellee but did not oppose the motion.

Before HOOD, Chief Judge, and KELLY and NEBEKER, Associate Judges, in chambers.

NEBEKER, Associate Judge:

We are here confronted with the question of the extent to which transcript at public expense should be afforded an indigent convicted in the District of Columbia Court of General Sessions of an offense against the United States. Appellant has been convicted of four misdemeanors and sentenced to a total of two years in jail. The trial judge denied a request for a transcript without prejudice to a renewal thereof accompanied by a showing that the "transcript is required for the prosecution of [the] appeal." At that time, this court had not appointed counsel on appeal, and appellant was still represented by appointed trial counsel. The attorney appointed on appeal, who was not the trial counsel, filed a motion in this court for a transcript of three brief pretrial proceedings on as many days and the trial proceedings "including voir dire, opening statements, closing arguments, charge to the jury and all pretrial and post-trial motions, and the sentencing on February 9, 1970, February 17, 1970, and February 27, 1970".[1] We denied that motion without prejudice to renewal thereof in the trial court as permitted by its earlier order. Upon filing such a renewed motion, the trial judge granted a portion of the requested transcripts. The instant motion seeks the remaining portions.

At the outset it must be observed that considerations of equal protection of the laws permeate the entire criminal appellate

---

1. The docket in the case fails to reflect any post-trial motions.

process. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Entsminger v. Iowa, 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed.2d 501 (1967). However, in the District of Columbia the right to free transcript for indigents on appeal from conviction does not necessarily rest upon a constitutional predicate because adequate statutory framework combined with judicial decisions have made resort to the Constitution unnecessary. Hardy v. United States, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964); Tate v. United States, 123 U.S.App.D.C. 261, 359 F.2d 245 (1966). Under the latter case an indigent person convicted of an offense against the United States in the Court of General Sessions is entitled to a free transcript for use on appeal.

■ Because of the frequency of motions filed in criminal cases in this court seeking to appeal in forma pauperis and to obtain transcript in forma pauperis and the concomitant partial or complete denial of transcript requests by the trial judges, we deem it appropriate and helpful to restate the principles and procedures relating to such requests. In this way the trial judges and counsel can be guided to a consistent and prompt determination of what transcript should be ordered at government expense. Whether one appealing his conviction is on bail or under commitment, the time taken to order preparation of the transcript should be kept to a minimum and it should make no difference whether the appellant is paying for the appeal or it is government financed. There is a ten-day limit in which transcript must be ordered in so-called paid appeals under Rule 21(b) of the General Rules of this court. Rule 21(c) of our rules provides for transcript determination by the trial judge when a forma pauperis appeal is first undertaken. In addition, Rule 21(c) (3) requires the court reporter to notify the clerk of this court of the expected completion date within 10 days after he is furnished with the order for transcript at government expense.

■ When the trial court first denied the request for transcript it required trial counsel to demonstrate a need for it on appeal. We presume that the court desired to know of the points to be raised on appeal so that relevant transcript could be ordered. This procedure was correct if trial counsel could be relied upon to prosecute the appeal. *See* Tate v. United States, *supra,* 123 U.S.App.D.C. at 269–270, 359 F.2d at 253–254. Accordingly, such assurance should have been obtained if transcript was to be ordered on a selective basis.[2] In any event, when new counsel filed the renewed motion for the entire transcript of all proceedings the trial judge correctly undertook to rule on the request without requiring him to demonstrate a need for specific parts—something which a stranger to the case would find impossible. The order of the trial judge covered "the trial proceedings, excluding voir dire, opening statements, closing arguments, and charge to the jury, but including sentencing proceedings. * * *" Thus, aside from the matter excluded from the trial proceedings, appellant was denied his request for all pretrial proceedings. We conclude that under Hardy v. United States, *supra,* the trial judge should have ordered the charge to the jury in addition to what was ordered and we now enter an order to that effect. In so doing, we discuss the various aspects of ordering transcript at government expense in order that those responsible for implementation of the right may know of their responsibility.

### The Right to Appeal in Forma Pauperis

■ The right of an indigent to appeal without prepayment of costs from a final judgment of the trial court is clear. Tate v. United States, *supra;* McKelton v. Bruno, U.S.App.D.C. (No. 22,628, decided February 17, 1970). The rules of this

---

2. If the trial was of relatively short duration it obviously might have been preferable to order the entire proceedings transcribed.

court provide for such appeals in criminal and civil cases. *See* Rule 40 of the General Rules of this court. That rule requires an affidavit of inability to pay, a belief in entitled to redress, and a statement of the issues to be raised. Of course, the inability to pay need not amount to being completely destitute. McKelton v. Bruno, **supra, slip opinion at 4** citing Adkins v. E. I. DuPont de Nemours & Co., 335 U.S. 331, 69 S.Ct. 85, 93 L.Ed. 43 (1948). The rule also provides that if a party has been permitted to proceed at trial in forma pauperis he may also appeal without further authorization unless the trial judge states in writing the reasons for withholding the right. This rule is consistent with Fed.R.App.P. 24.

### Fees and Costs

 The effect of being permitted to appeal without prepayment of costs is to be relieved from payment of "fees and costs in [both courts] or the giving of security therefor." *See* Rule 40, *supra*. Accordingly, no notice of appeal fee or other fees are to be charged by the clerk of the trial court. *See* Rule 39(a) of the General Rules of this court. The fees provided by Rule 39(b) of our General Rules which are payable in this court are also suspended.

### Right to a Transcript

 The right of a indigent to transcript on appeal in a case such as this is beyond question. Tate v. United States, *supra*. *See also* Williams v. Oklahoma City, 395 U.S. 458, 89 S.Ct. 1818, 23 L.Ed.2d 440 (1969), which constitutionally requires a transcript on appeal from a state conviction for drunken driving. Indeed, where trial counsel is not going to continue with the case on appeal or even if he will do so but cannot agree to a statement of proceedings and evidence, we think an appellant may not be forced to proceed with that alternative to a transcript. *See* Farley

v. United States, 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529 (1957). We often are confronted with motions for transcript at government expense where the trial judge has merely decided that simple and brief facts developed at trial are adequately set forth in a police statement of facts to which he refers or which attaches to the order of denial. We observe that this practice is contrary to law and the General Rules of this court. If trial counsel will prosecute the appeal and can agree to a statement of proceedings and evidence such should promptly be prepared and approved as part of the record on appeal in lieu of a transcript. *See* Rules 22, 25 and 26(h) (i) (j) of the rules of this court. Otherwise the need for transcript is apparent.

### The Extent to Which Transcript of Trial Proceedings Should be Prepared in Forma Pauperis Criminal Cases

Hardy v. United States, *supra*, 375 U.S. at 280 and 282, 84 S.Ct. 424, speaks of "the entire transcript" being required for new counsel on appeal. Some members of the Court thought that a "full transcript" was required even where trial counsel would handle the appeal. Hardy v. United States, *supra*, 375 U.S. at 282, 84 S.Ct. 424 (concurring opinion of Mr. Justice Goldberg). Neither of the opinions in *Hardy* dealt directly with the question of what amounts to a "full" or "entire" transcript. However, the final paragraph of the Court's opinion in *Hardy* reveals that certain of the proceedings at trial may be omitted from the order for transcript. In the context of a jury trial the Court concluded that new counsel on appeal requires "a transcript of the testimony and evidence presented by the defendant and also the court's charge to the jury, as well as the testimony and evidence presented by the prosecution."

 The question remains what may be left out of an order for transcript. Clearly, the Supreme Court did not consider it necessary to order the voir dire, opening

statements, closing arguments, or sentencing proceedings as a general rule. We think reason and experience support such a conclusion, for these parts of a noncapital criminal jury trial rarely contain hidden and unnoticed error warranting reversal. Of course, if an appellant were to assert specific error in any of those proceedings, he would be entitled to a transcript of that part. In addition, counsel may, after reading the available transcript, properly request additional portions such as voir dire, opening statement, or closing arguments to explore whether some specified error, evidentiary or otherwise, was highlighted during opening statement or argument. Such often makes the difference between plain and harmless error. Ordinarily, to save time, such requests as these should be made to this court since by then the record on appeal has been docketed and counsel is in the process of preparing his brief. The court reporters should give preference to preparation of those additional portions when ordered.

 As to pretrial proceedings such as continuances or hearings on motions, neither the opinion nor the trial court's docket in *Hardy* afford direct guidance The only pretrial proceeding in the *Hardy* case—a motion to suppress evidence—was already transcribed pursuant to a pretrial order for its preparation. We think, however, that the better practice would be to order transcript of all pretrial proceedings in which substantial and articulable legal issues were resolved against appellant. Thus, if from an examination of written pleadings counsel can professionally say or the trial judge is of the view that a non-frivolous issue exists, which has a bearing on the validity of the conviction, that proceeding should also be ordered prepared.[3] Since there is no indication that any such pretrial proceedings were had

in this case, the trial judge properly denied that aspect of counsel's renewed motion. The arraignment, continuance, and assignment court proceedings which were conducted could not ordinarily and are not contended to contain error affecting the validity of the conviction. Of course, and by the way of example, if a substantial speedy-trial claim were reflected from the docket of the case, transcription of continuance proceedings might be required.

Thus, as a rule of thumb, the trial judge should first determine whether trial counsel is willing and able to remain with the case throughout the appeal. It has been the practice of this court to appoint trial counsel as counsel on appeal unless some good reason exists to appoint new counsel.

Secondly, in cases where trial counsel will remain with the case, he should be supplied with those parts of the transcript which relate to points he intended to urge on appeal. A denial of any such transcript should be accompanied with a written statement of the reasons therefor. If new counsel is appointed or likely to be appointed, the trial judge should order the transcript of the testimony and evidence offered by both parties as well as the charge to the jury in appropriate cases. Where a pretrial motion or other proceeding was determined adversely to the appellant and its decision could affect the validity of the conviction, that proceeding should also be ordered prepared. At no time should a statement of proceedings and evidence be forced on an attorney who, in good faith, cannot agree to its contents.

Third, the order for transcript should be entered promptly so as not to delay the appeal. Rule 21(c) of the rules of this court provides for decision by the trial judge of the need for transcript at the

---

3. We are mindful that Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962) places the burden of demonstrating frivolity on the prosecution. However, we do not believe that the burden holding of *Coppedge* can or

should be read to control the question whether certain pretrial proceedings should be prepared at public expense without an initial demonstration of probable value.

same time a motion for leave to appeal in forma pauperis is granted. In cases where the appellant proceeded in forma pauperis at trial, Rule 40 of the rules of this court dispenses with further authorization on appeal. Accordingly, when the appeal is noted the trial court should promptly enter the appropriate order for transcript preparation. We understand that the clerk of the trial court is now submitting appropriate forms which, when signed by a judge, authorize payment for the transcript described and ordered therein. This practice should continue.

In addition to those portions of the trial court proceedings already ordered prepared at public expense, we hold that appellant is entitled to be furnished with the charge to the jury. An order to that effect will be entered this date and the court reporter is requested to give preference to its preparation and filing.