**Gregory A. LUCAS, Appellant,**

v.

**UNITED STATES, Appellee.**

**Gregory A. LUCAS, Appellant,**

v.

**George HOLLAND, Appellee.**

**Gregory A. LUCAS, Appellant,**

v.

**Harold G. MILLER, Warden, U.S. Penitentiary, Marion, Illinois, Appellee.**

**Nos. 13888, 13810 and 82–704.**

District of Columbia Court of Appeals.

Argued Feb. 17, 1984.

Decided May 24, 1984.

M. Elizabeth Kent, Washington, D.C., with whom Joel DuBoff, Silver Spring, Md., was on the brief for appellant.

Robert H. Klonoff, Asst. U.S. Atty., Washington, D.C., with whom Stanley S.

Harris, U.S. Atty., Washington, D.C., at the time the brief was filed, Michael W. Farrell and Harry R. Benner, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before NEWMAN, Chief Judge, and NEBEKER and FERREN, Associate Judges.

NEWMAN, Chief Judge:

Gregory Lucas was convicted in a bench trial on April 27, 1978, of sodomy, enticing a minor, and taking indecent liberties with a minor. In this consolidated appeal, which includes Mr. Lucas' direct appeal as well as appeals from denial of two habeas corpus petitions, Lucas contends: (1) that his conviction should be reversed because the loss by the court reporter of portions of the trial transcript prejudiced his ability to appeal his conviction; and (2) that his habeas corpus petitions should be granted because the delay in the resolution of his appeal, resulting from the loss of the transcripts, violates his right to due process.[1] We affirm the conviction and the denial of the habeas corpus petitions.

The first issue we address is whether the unavailability of portions of the trial transcript prejudiced Lucas' ability to mount an effective appeal · of his conviction. The record reflects that Lucas initially noted his appeal on September 6, 1978, indicating that the issues for appeal were ineffective assistance of counsel and denial of his motion to suppress identification testimony, and requesting essentially the entire transcript of his four-day trial which lasted from April 24 to April 27, 1978. By late May 1979, the court reporter had completed the first 267 pages of the transcript, but the transcript for April 27 had not been provided. On April 10, 1980, Lucas filed a motion in the Superior Court seeking the remainder of the transcript and on March 19, 1981, this court remanded Lucas' record ordering prompt preparation of the transcript. On December 3, 1981, the trial court advised us that after diligent search, the reporter's records of the missing proceedings could not be found. On February 24, 1982, we again remanded this case, ordering the trial court to determine if the transcript could be completed by preparation of a statement of proceedings and evidence pursuant to D.C.App.R. 10(j)[2]; and, if it could not, to entertain a motion for a new trial.

Pursuant to this order, the trial court made a searching inquiry as to what was missing from the record and whether this omission would prejudice Lucas' appeal.[3] The trial court found that the only portion of the record missing was that of the final day of the trial, April 27, which consisted solely of the arguments of counsel upon Lucas' motion to suppress identification and motion to dismiss, the ruling of the trial court denying these motions, closing arguments by counsel, and the judgment of the trial court pronouncing appellant guilty. The trial court further found that no witnesses testified on the 27th and that

---

1. This appeal includes: (1) No. 13810—appeal of denial of Lucas' habeas corpus petition, filed prior to sentencing on July 11, 1978, and alleging that his conviction was obtained by fraud, perjury, ineffective assistance of counsel, and an illegal arrest; (2) No. 13888—direct appeal of Lucas' conviction, noted on September 7, 1978, and initially indicating that the issues for appeal were ineffective assistance of counsel and denial of his motion to suppress evidence; and (3) No. 82–704—appeal of denial of a second habeas corpus petition filed on December 31, 1981, alleging confusion of Lucas' case with the case of another "Gregory Lucas," defective indictment, ineffective assistance of counsel, and denial of his right to appeal because of loss or destruction of trial transcripts.

In this appeal, Lucas raises none of the substantive errors raised below, relying instead on the flat proposition that reversal is required as a result of the loss of portions of the trial transcript or as a result of appellate delay. Our review is accordingly limited.

2. D.C.App.R. 10(j) provides that "[i]n lieu of the reporter's transcript, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection."

3. This hearing was held before the Honorable Carlisle E. Pratt on November 19, 1982.

all of the evidence upon the motions and the trial was preserved in the transcripts of the 24th, 25th and 26th. From these findings, the trial court concluded that Lucas' right to appeal was not prejudiced by the loss of the April 27 transcript.

■ Super.Ct.Crim.R. 36–I(a) states that all criminal proceedings "shall be simultaneously recorded verbatim by a reporter ...." See also D.C.Ct.Reporter R. 4(a)(1). In interpreting and applying Rule 36–I(a) to the facts of this case, we are guided by federal court decisions applying the almost identical provisions of 28 U.S.C. § 753(b) (1976).[4] See also this court's opinion in Cole v. United States, 478 A.2d 277 (D.C.1984); see generally Annot. 12 A.L.R.Fed. 584 (1972). Thus, we hold that the reporting requirements of Rule 36–I(a) are mandatory, and exceptions will be narrowly construed. See, e.g., United States v. Workcuff, 137 U.S.App.D.C. 263, 264–65, 422 F.2d 700, 701–02 (1970).[5] It is also well established that where counsel on appeal is not the same as trial counsel, as in this case, a criminal defendant has a right to a complete transcript of trial proceedings. See, e.g., Hardy v. United States, 375 U.S. 277, 279–80, 84 S.Ct. 424, 426–27, 11 L.Ed.2d 331 (1964); Tate v. United States, 123 U.S.App.D.C. 261, 269–70, 359 F.2d 245, 253 (1966); Gaskins v. United States, 265 A.2d 589, 593 (D.C.1970). Nevertheless, not every failure to record or to provide a complete transcript is error per se. United States v. Robinson, 148 U.S.App.D.C. 140, 147, 459 F.2d 1164, 1171 (1972); United States v. Alfonso, 552 F.2d 605, 620 (5th Cir.1977). Rather, the question in each case is whether the particular omission from the transcript prejudices the defendant's right to appeal, and this prejudice may occur in two different ways: first, when a specific claim of error is

raised and it is impossible for the appellate court to determine from the record whether or not prejudicial error occurred, see, e.g., United States v. Robinson, supra, 148 U.S.App.D.C. at 147, 459 F.2d at 1171; Edwards v. United States, 374 F.2d 24, 26 (10th Cir.1966); or second, although no specific error is claimed, the omission in the transcript prevents new appellate counsel from reviewing a substantial or crucial portion of the trial proceedings to determine whether error occurred. See, e.g., United States v. Selva, 559 F.2d 1303 (5th Cir.1977); United States v. Workcuff, supra.

In this case, Lucas does not contend that any specific, substantive error occurred during the evidentiary portion of the trial, preserved in the transcripts of April 24, 25 and 26. Nor does he challenge his conviction as unsupported by the evidence. Had he raised such claims, we agree with the trial court that the available transcript, which preserves all of the evidence on defendant's motions and the trial, is adequate for this court's review. Nor does Lucas claim that any specific error occurred on the 27th during the portion of the proceedings for which no transcript is available. Rather, he argues that the unavailability of the transcript of the 27th is itself prejudicial error because his new appellate counsel was prevented from examining "significant" portions of the record to determine if error occurred.

■ This court recognizes the importance of a complete and accurate transcript for new appellate counsel. Cole v. United States, supra, at 280–281; Gaskins v. United States, supra, 265 A.2d at 593. Where the missing portions of a transcript prevent new appellate counsel from reviewing for possible error a "substantial and crucial" portion of the trial, reversal may

---

**4.** 28 U.S.C. § 753(b) (1976) provides that a reporter "shall attend each session of the court ... and shall record verbatim ... (1) all proceedings in criminal cases had in open court ...."

**5.** Cases decided prior to the enactment of Rule 36–I(a) on October 30, 1973, are no longer valid

to the extent that they hold that a criminal defendant must affirmatively request verbatim recordings of trial, or that recording is within the trial court's discretion. See, e.g., House v. United States, 234 A.2d 805 (D.C.1967).

be required. *United States v. Selva, supra,* 559 F.2d at 1305 ("crucial" omission of all arguments made to the jury); *United States v. Workcuff, supra,* 137 U.S.App. D.C. at 265, 422 F.2d at 702 ("crucial" omission of trial court's instruction to jury during deliberation). In this case, however, Lucas' appellate counsel was not prevented from examining substantial or crucial portions of the transcript. The record in this case strongly supports the trial court's finding that the missing portions of the transcript consist *solely* of counsel's arguments on Lucas' consolidated motion to dismiss and suppress identification testimony, the trial court's denial of the motion, counsel's closing arguments and the trial court's judgment of conviction.[6] In the context of this *bench trial,* the mere possibility of prejudicial error arising during *the particular proceedings in this case* is entirely too remote to warrant reversal. *See, e.g., Matter of L.J.W.,* 370 A.2d 1333, 1336 (D.C.1977) (presumption that a trial court will disregard all irrelevant matters); *McIntyre v. United States,* 283 A.2d 814, 815 (D.C.1971) (judge's criticism of defense counsel not error in bench trial). Accordingly, we hold that Lucas' right to appeal has not been prejudiced.

■ Lucas' second contention is that his habeas corpus petitions should be granted because of the delay in resolution of his appeal caused by the court reporter's failure to produce the complete transcript. The law in this jurisdiction regarding appellate delay was set out in *United States v. Alston,* 412 A.2d 351 (D.C.1980) (en banc), in which this court made clear that the threshold question in appellate delay cases is whether the delay has *prejudiced* appellant's ability to defend against the charge in the event of a second trial. *Id.* at 358–59. Lucas makes no attempt to establish the requisite *Alston* prejudice, contending erroneously that delay alone violates his right to due process. We reject this argument at the outset as contrary to the established law of this jurisdiction.

In conclusion, we find that the missing transcript has not prejudiced Lucas' right to appeal and that the delay in appeal did not violate Lucas' right to due process.

*Affirmed.*

---

6. These findings are consistent with the available trial record, stipulations of government counsel and Lucas' trial counsel, entries on the docket, and the record of Lucas' habeas corpus hearing held on July 31, 1978, during which the trial court discussed the sequence of events at Lucas' trial.