Clyde DAILEY, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 87–407.

District of Columbia Court of Appeals.

Submitted Jan. 18, 1989.
Decided Feb. 28, 1989.

Terrence M. O'Connor, appointed by this court, was on the brief, for appellant.

Frederick D. Cooke, Jr., Corp. Counsel, with whom Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., and Martin B. White, Asst. Corp. Counsel, were on the brief, for appellee.

Before BELSON and SCHWELB, Associate Judges, and PRYOR, Senior Judge.

SCHWELB, Associate Judge:

As technology advances, ingenious litigants demand, sometimes belatedly, that courts adopt and utilize more sophisticated procedures. In this appeal, we must decide whether there exists an obligation on the part of a trial judge to arrange, *sua sponte,* for the videotaping of his viewing of an automobile where the defense has requested him to inspect it. Holding that no such duty exists, we affirm.

## I

Following a bench trial, appellant Dailey was convicted of driving while intoxicated, D.C.Code § 40–716(b)(1) (1981), and operating after suspension of his license, § 40–302(e). The arresting officer testified that he had observed Dailey drive a motor vehicle after illegally parking near a fire hydrant. The officer eventually followed Dailey and, observing that he was failing to stay in his lane, activated his red emergency light and siren. According to the officer, Dailey pulled over to the curb but quickly switched places with Agatha Massi, Dailey's girl friend,[1] who had been riding in the passenger seat.

Ms. Massi, Dailey and another passenger testified that Ms. Massi had been driving the car at all relevant times, and each denied that Ms. Massi and Dailey had switched seats. It was undisputed that Dailey was under the influence of alcohol and that his license had been suspended. The only issue at trial was whether Dailey had driven the car.

During the course of the trial, Dailey's counsel requested the judge, Honorable Luke C. Moore, to view Ms. Massi's vehicle. The purpose of his request was to persuade the judge that it would be difficult to accomplish the switch of seats within a few seconds in the manner described by the arresting officer. Dailey's counsel did not request that the examination be videotaped

or recorded in any other way, however, and no recording was made. In finding that Dailey had operated the vehicle and was guilty of the charged offenses,[2] Judge Moore stated, on the basis of his observation of the vehicle, that such an exchange of seats, allegedly accomplished within seconds without either individual leaving the car, would have been difficult but not impossible.

## II

Dailey, relying on the requirement of Super.Ct.Crim.R. 36–I(a) that all proceedings be simultaneously recorded verbatim, contends that a record of the viewing should have been preserved on videotape. He claims that without a videotape recording this court cannot effectively review Dailey's contention that the officer's testimony was incompatible with the physical facts and therefore insufficient to support his conviction. He likens the case to *Cole v. United States,* 478 A.2d 277 (D.C. 1984), in which the defendant's criminal conviction was reversed for lack of a transcript of her trial.

The use of the word "verbatim" indicates, however, that Rule 36–I(a) is addressed to the recording of words rather than of actions. A judge's visual examination of a motor vehicle cannot be recorded "verbatim." Dailey has cited no authority, and we have found none, for the proposition that a verbatim recording requirement should be construed as meaning that courtroom demonstrations and views by judges and juries at the scene of the offense, which were traditionally permitted at common law in the sound discretion of the court, must now be proscribed unless the proceedings have been preserved on videotape.

"Where an object in question cannot be produced in court because it is immovable

---

1. Ms. Massi was the owner of the vehicle.

2. In so finding, Judge Moore relied heavily on the officer's testimony that Ms. Massi had told him, in an effort to secure leniency for Dailey, that Dailey had driven the car only a short distance to prevent the boyfriend of Ms. Massi's

daughter from gaining access to it. The judge adroitly reasoned that if this conversation had not occurred as related by the officer, then the officer would have had no way of knowing that Ms. Massi had a daughter who had a boyfriend, a fact which Ms. Massi conceded to be true.

or inconvenient to remove, the natural proceeding is for the tribunal to go to the object in its place and there observe it." IV WIGMORE ON EVIDENCE § 1162 at 362 (1972 & 1988 Supp.). In a case in which a judge is the trier of fact, he may

> equally well proceed from the courtroom to the place in issue, wherever such a proceeding would be the suitable one for a jury, to take a "view" in the narrower sense; provided only that he observe the usual rules of fairness for a jury view, viz., that he notify the parties and allow them to attend him at the view.

*Id.* § 1169 at 391; *accord,* MCCORMICK ON EVIDENCE § 216 at 678 (1984 & 1987 Supp.); and see authorities cited in both treatises.

Long before the advent of vidoetape technology, parties objecting to the viewing of the scene by the trier of fact contended that such a procedure should not be permitted because it precludes effective appellate review. Dean Wigmore has rejected this contention, largely upon the ground that appellate review does not presuppose "that the evidence is to be stated and incorporated in its entirety but only so far as is feasible to do so." *Id.* § 1168 at 383.[3]

In *United States v. Skinner,* 138 U.S. App.D.C. 121, 425 F.2d 552 (1970), the court was confronted with the somewhat analogous issue of the propriety of a courtroom demonstration in which the prosecutor stood on a courtroom table to simulate the defendant's position on a ledge above the victim of an assault. The demonstration was held to be proper:

> The admissibility of such visual evidence is within the sound discretion of the court.

It is no objection to a demonstration presented as visual evidence that it is practically impossible to transmit to an appellant court for review as the same is true of much other evidence.

\* \* \* \* \* \*

> Such evidence is similar to a viewing by a jury [citations omitted]. The visual evidence in this case is not a part of the printed record but the appellate court is required to give full credit to all reasonable inferences deducible therefrom.

*Id.* at 124, 425 F.2d at 555.

In the present case, there is no contention that the defendant was denied the right to be present when the judge viewed the car[4] or that the judge conducted the view improperly. Moreover, the lack of a videotape did not place Dailey in an untenable position. He could have arranged for and submitted photographs of the vehicle, and even of Ms. Massi and himself in it, to support his contention that the arresting officer's testimony could not have been correct. Accordingly, we think that Judge Moore was authorized to view the vehicle without the activity being videotaped.

### III

As noted above, Dailey did not request videotaping at the time he asked the judge to view Ms. Massi's car. The government reasonably contends that the "plain error" standard must therefore apply. Super.Ct. Crim.R. 52(b). To meet this standard, the error must be both obvious and substantial. *United States v. Frady,* 456 U.S. 152, 163 n. 13, 102 S.Ct. 1584, n 13, 71 L.Ed.2d 816 (1982); *United States v. Byers,* 239 U.S. App.D.C. 1, 24, 740 F.2d 1104, 1127 (1984)

---

**3.** Dean Wigmore has also pointed out that by 1834, when the objection that a view by the jury precludes effective appellate review was first voiced at the bar, jury views and other modes of "autoptic proference" had long been accepted procedure. *Id.* § 1168 at 383.

**4.** *Compare Snyder v. Massachusetts,* 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934) (defendant has no due process right to be present at a view) *with United States v. Walls,* 443 F.2d 1220 (6th Cir.1971) (court reversed, under its supervisory power, trial judge's refusal to allow defendant and counsel to attend view). *See also Citizens Ass'n of Georgetown v. District of Columbia Al-*

*coholic Beverage Control Bd.,* 288 A.2d 666, 670 (D.C.1972) (review of agency proceeding; where Board members visit scene, counsel are entitled to be present, and any facts acquired during the visit must be revealed at the hearing so that the parties may meet them by evidence or argument); *State v. Clow,* 215 Minn. 380, 386, 10 N.W.2d 359, 362 (1943) (defendant's constitutional rights violated where he was not present at view and no stenographic transcript of proceedings was made). In the present case, however, Judge Moore viewed the car with the parties and counsel present.

(Robinson, J., concurring). Dailey contends, on the other hand, that the "plain error" standard does not apply where fair review on appeal has been frustrated by the lack of a complete record. He cites *Cole, supra,* 478 A.2d at 285 and *Lucas v. United States,* 476 A.2d 1140 (D.C.1984).

We do not think *Cole* and *Lucas* apposite. In *Cole,* the defendant did not in any way acquiesce in the court reporter's loss of the trial notes, and this court held the "harmless error" rule, not the "plain error" doctrine, inapplicable on the facts. 478 A.2d at 282. In *Lucas,* there was likewise no acquiescence by the defendant in the loss of part of a transcript, and this court affirmed a conviction despite such partial unavailability without discussing the "plain

error" doctrine at all. 476 A.2d at 1142–43. If Dailey's counsel had asked the judge to have his inspection of the vehicle videotaped,[5] the need for this appeal might conceivably never have arisen.

Accordingly, we find that the "plain error" standard applies to the present situation. Since there was no error, there could be no obvious, substantial, or plain error. Accordingly, Dailey's conviction is hereby

AFFIRMED.

---

**5.** Although the issue has not been raised in this case, we agree with the Supreme Court of Minnesota that it is important to require that the court reporter be present at a view so that any statements made or occurrences taking place at the time may be made a part of the record. *State v. Garden,* 267 Minn. 97, 111–12, 125 N.W.2d 591, 600–01 (1963). *See also State v. Clow, supra,* 215 Minn. at 386, 10 N.W.2d at 362; *cf. Williams v. Bethany Volunteer Fire Dept.,* 307 N.C. 430, 432–34, 298 S.E.2d 352, 354 (1983).