142 F.3d 446
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
JESUS HURTADO-ENRIQUEZ, Defendant-Appellant.
 No. 96-10555.
D.C. No. CR-96-00270-WDB.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted March 9, 1998.**
Decided April 2, 1998.
 
 Appeal from the United States District Court for the District of Arizona William D. Browning, District Judge, Presiding.
 Before WOOD,*** HALL, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jesus Pedro Hurtado-Enriquez appeals his convictions and sentences for assault of a customs officer, in violation of 18 U.S.C. § 111(a)(1) and (b), and for failure to report arrival and to present a vehicle for inspection, in violation of 19 U.S.C. §§ 1433(b) and 1436(c). We affirm.
 
 
 3
 The facts are known to the parties, and we shall not repeat them here, except as necessary.
 
 
 4
 * Hurtado-Enriquez first contends that the district court erred by denying his requests for a jury instruction on self-defense. This court has recognized a defense to assaulting a federal agent based on the defendant's honest mistake of fact or lack of knowledge that the victim was a law enforcement officer. See United States v. Span, 970 F.2d 573, 576-77 (9th Cir.1992); United States v. Jackson, 726 F.2d 1466, 1468 (9th Cir.1984).
 
 
 5
 A defendant is entitled to a jury instruction on self-defense "if there is evidence upon which the jury could rationally sustain the defense." Jackson, 726 F.2d at 1468. However, a "mere[] scintilla" of evidence will not suffice. Id.
 
 
 6
 The record does not contain evidence from which a jury could rationally conclude that Hurtado-Enriquez operated under a mistake or lack of knowledge as to the authority of the arresting officers. The trial record compels the conclusion that Hurtado-Enriquez knew that the men who pulled him from his car were authorized to act as they did. Hurtado-Enriquez testified that he had passed through the Douglas Port of Entry over one hundred times. He also testified that he was familiar with the uniforms of the United States Customs Officers and Immigration Officers at the port of entry. Finally, the officers at the port of entry testified that they were wearing their uniforms with the standard badges and agency insignia on the date of their altercation with Hurtado-Enriquez. Viewed in its totality, this evidence is insufficient to establish that a jury could rationally conclude Hurtado-Enriquez did not know that the men who pulled him from his car were "authorized to act in the manner which allegedly provoked the purported self-defense." United States v. Morton, 999 F.2d 435, 437 n. 1 (9th Cir.1993).
 
 II
 
 7
 Due to a mechanical failure of the court reporter's equipment, four sidebar conferences were not transcribable. During the pendency of the appeal, and pursuant to Federal Rule of Appellate Procedure 10(c), the parties submitted their recollections of the missing sidebar conferences in an attempt to reconstruct the record. Following review of the parties' recollections, the trial court settled the record and set forth its findings by written order. Hurtado-Enriquez argues that the failure of the transcripts to include an original record of the conferences warrants reversal of his convictions.
 
 
 8
 The Court Reporters Act, 28 U.S.C. § 753(b), requires that court reporters attend "[e]ach session of the court" and record verbatim "all proceedings in criminal cases had in open court." This Act guarantees criminal defendants " 'a right to a record on appeal which includes a complete transcript of the proceedings at trial.' " United States v. Wilson, 16 F.3d 1027, 1031 (9th Cir.1994) (quoting United States v. Carrillo, 902 F.2d 1405, 1409 (9th Cir.1990)). However, a court reporter's failure to record all proceedings verbatim does not necessarily require reversal. See id.
 
 
 9
 Hurtado-Enriquez asserts that "as all of the untranscribed bench conferences were called by Defense Counsel to raise substantive issues of law, a strong likelihood exists that error occurred during these conferences." However, unlike other courts that have considered this issue, see United States v. Workcuff, 422 F.2d 700, 701-02 (D.C.Cir.1970), this court has held that the defendant must demonstrate "specific prejudice " resulting from an incomplete record. Wilson, 16 F.3d at 1031 (emphasis added). Hurtado-Enriquez fails to offer any specifics as to what type of prejudice he may have suffered during any of the four relevant bench conferences. Consequently, his argument that reversal is warranted by the omission of the sidebar conferences from the transcripts fails.
 
 III
 
 10
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 * The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3