**UNITED STATES of America**

v.

**Chester D. MENK.**

**No. TH 66–CR–18.**

United States District Court
S. D. Indiana,
Terre Haute Division.

Nov. 21, 1966.

David W. Mernitz, Asst. U. S. Atty., Indianapolis, Ind., for the Government.

Thomas J. Gallagher, Sullivan, Ind., for defendant.

## ENTRY ON MOTION TO DISMISS INFORMATION

STECKLER, Chief Judge.

This cause came before the court on the defendant's motion to dismiss an information charging him with maintaining for use and permitting the use of certain coin-operated gaming devices during the month of February 1966, on premises occupied by him, without having first paid the tax therefor as required by Title 26 U.S.C. §§ 4461 and 4901, in violation of Title 26 U.S.C. § 7203, on the grounds that the information fails to state facts sufficient to constitute an offense against the United States, that it fails to state the offense with sufficient certainty and that the information is not sufficiently verified.

In his memorandum in support of his motion to dismiss the defendant states more specifically that the information fails to allege the day or days on which the alleged offense was committed, that any gambling actually took place, that the defendant owned, possessed and controlled the gaming devices, or that the defendant was engaged in the trade or business of gambling for a profit. It is also stated that the information is merely sworn to on information and belief.

 With respect to the date on which the alleged crime was committed, an indictment or information need not allege such date with specificity where it is not an essential ingredient of the crime charged. Butler v. United States, 197 F.2d 561 (10th Cir. 1952). In the case cited the defendant had been convicted on a four-count indictment charging conspiracy to violate the Internal Revenue laws, possessing an unregistered still, engaging in the business of a distiller without having posted the required bond and fermenting mash on unauthorized premises, in violation of former Sections 2810, 2833, and 2834 of Title 26 U.S.C., now Title 26 U.S.C. § 5171 et seq. The last three counts of the indictment charged offenses which, like those charged in the present information, were continuing in nature. That is, the statutes were continuously being violated so long as the defendant possessed and operated the still and fermented mash without having first registered the still and posted the required bond. In answer to the contention that these three counts of the indictment should have been dismissed as vague, indefinite and uncertain because they merely alleged periods of time during which the offenses were committed and not specific dates, the court stated:

"The exact time was not an essential ingredient of the offense charged in this case. Where time is not an essential element of the offense, it is sufficient to charge facts which show that the offense was committed within the statutory period of limitation and in such a case, even though there be a defect in the allegation as to time, it is one of form only." Id. at 562.

The court went on to state, with regard to the danger of double jeopardy:

"The charge in each of the counts, while necessarily general in its terms, clearly defines the nature of the offense, the approximate time when it was committed, and the place where committed. If a second prosecution were attempted, the entire record, including all of the testimony as well as the pleadings, would be available to him to protect himself from such a prosecution." Id. at 563.

 The defendant's argument that a person might have occupied the prem-

ises in question during part of the month of February 1966, when no gaming devices were present, and not have occupied it during a different part of that month when such devices were present, merely raises matters of possible defense which need not be negated in the information. Pyle v. Johnston, 137 F.2d 869 (9th Cir. 1943).

■ With respect to the absence in the information of an allegation that any gambling actually took place, it need only be pointed out that Title 26 U.S.C. § 4461 imposes a tax on "every person who maintains for use or permits the use of" certain coin-operated gaming devices on premises occupied by him. There is no requirement that any gambling shall have taken place, and an information is sufficient which merely alleges that such devices were maintained for use, without any allegation that they were actually used or that they were used for gambling.

The defendant further contends that the information, in order to charge an offense, must have alleged that the defendant owned, possessed and controlled the gaming devices, and that the defendant was engaged in the "trade or business" of gambling for a profit.

In support of the first of these contentions the defendant argues that only the person who owns, possesses and controls the gaming devices, and not everyone who occupies the premises where they are kept, should be criminally responsible for failure to pay the tax; and, therefore, that the information cannot merely be drawn in the words of Section 4461 but must also allege that the defendant owned, possessed and controlled the gaming devices.

■ In answer to the defendant's contention it should be pointed out that his concern for persons who merely occupy premises where coin-operated gaming devices are kept is wholly unwarranted, since Section 4461 clearly imposes the tax only on those who "maintains for use or permits the use of" such devices on premises occupied by them.

The information charges that the defendant both maintained for use and permitted the use of such devices. The question before the court is whether the information charges the defendant with an offense against the United States, and not whether an offense would have been charged if the statute in question read differently or if the information had been drawn in different language. Nor is the court concerned with the possible criminal liability of persons not charged in the information. The Court of Appeals for the Seventh Circuit has repeatedly held that an indictment or information is sufficient which charges a statutory crime substantially in the language of the statute if such language is fully descriptive of the offense. United States v. Foster, 253 F.2d 457 (7th Cir. 1958); United States v. Ansani, 240 F.2d 216 (7th Cir.), cert. denied, Milner v. United States, 353 U.S. 936, 77 S.Ct. 813, 1 L.Ed.2d 759, rehearing denied, 353 U.S. 978, 77 S.Ct. 1055, 1 L.Ed.2d 1139 (1957); United States v. Franklin, 188 F.2d 182 (7th Cir. 1951). There is no language in Section 4461 from which it can reasonably be inferred that ownership, possession and control of the coin-operated gaming devices referred to are a prerequisite to liability for the tax imposed by that section, or are necessary to a description of the offense charged.

■ The defendant's contention that the information must allege that he was engaged in the "trade or business" of gambling for a profit is based on the use of those words in Title 26 U.S.C. § 4901. The defendant argues that this section, and not Section 4461, defines the offense charged. In its pertinent parts, this section provides:

"(a) Condition precedent to carrying on certain business.—No person shall be engaged in or carry on any trade or business subject to the tax imposed by section * * * 4461(a) (1) (coin-operated gaming devices) * * * until he has paid the special tax therefor."

It is immediately apparent that this section alone does not define the offense as the defendant contends. But rather, all three of the sections referred to in the information—Sections 4461, 4901 and 7203—must be considered together before a complete definition of the offense is found. Section 4461 imposes a tax on persons engaging in a certain activity; Section 4901 provides that payment of the tax shall be a condition precedent to engaging in the activity subject to the tax; and Section 7203 makes it a misdemeanor to engage in the activity without having first paid the tax, and provides the penalty. It is impossible to determine the meaning or intended effect of any one of these sections without reference to the others.

In Section 4901 the term "trade or business" is modified by the words "subject to the tax imposed by section * * 4461(a) (1) (coin-operated gaming devices)." Thus, it is necessary to refer to Section 4461(a) (1) to determine what is meant by "trade or business" in this context. This section provides, in its pertinent parts, as follows:

"(a) In general.—There shall be imposed a special tax to be paid by every person who maintains for use or permits the use of, on any place or premises occupied by him, a coin-operated gaming device (as defined in section 4462) at the following rates * * *."

The term "trade or business" can only have been used as a generic term to refer to the activity giving rise to the tax imposed by Section 4461(a) (1), that is, maintaining for use or permitting the use of the gaming devices there described. The court does not believe that Congress intended, by use of the words "trade or business" in Section 4901, which merely provides for the time and manner of computing and paying the tax, to limit the application of Section 4461 which imposes the tax.

Finally, there is no requirement, statutory or otherwise, that an information, to be sufficient, must be verified by affidavit. United States v. Grady, 185 F.2d 273 (7th Cir. 1950).

The court concludes that the information sufficiently charges the defendant with an offense against the United States. The motion to dismiss the information should be, and it is, hereby overruled.