**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Herbert Edward HOYT, Jr., et al., Defendants-Appellants.**

No. 71–2516
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 29, 1971.

Arthur Cobb, Baton Rouge, La., court appointed for Hoyt.

Richard E. Burton, Baton Rouge, La., court appointed for Bowman.

Jerry H. Smith, Baton Rouge, La., court appointed for Matthews.

Gerald P. Gallinghouse, U. S. Atty., Clay J. Calhoun, Jr., Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Herbert Edward Hoyt, Jr., James Lee Bowman, and Homer Ray Matthews were jointly charged in a one-count indictment with a violation of the federal interstate kidnaping statute, Section 1201(a), Title 18, U.S.Code.[1]   Follow-

---

* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

1. Section 1201(a), Title 18, U.S. Code, reads:

"Whoever knowingly transports in interstate or foreign commerce, any person who has been unlawfully seized, confined, inveigled, decoyed, kidnaped, abducted, or carried away and held for ransom or reward or otherwise, except, in the case of a minor, by a parent

ing a joint jury trial, all three defendants were found guilty as charged and were sentenced to the custody of the Attorney-General for twenty (20) year terms. We have carefully reviewed the record of the proceedings below and have found no merit in the appellate contentions urged upon us. Accordingly, we affirm the judgments of conviction as to all three defendants.

■ Only one assignment of error merits extended discussion. The appellants argue that the district court committed reversible error in treating the case as noncapital, thereby depriving the defendants of the right to exercise twenty (20) peremptory challenges to the venire and the right to be furnished three days in advance of trial with the names and addresses of the members of the venire and the prosecution's witnesses. Rule 24(b), Federal Rules of Criminal Procedure; Title 18, U.S.C., Section 3432. The government asserts that the Supreme Court's decision in United States v. Jackson, 1968, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138, gave the trial court no option but to treat the case as non-capital. We agree with the government in this regard. The *Jackson* holding invalidated Section 1201(a)'s death penalty feature as violative of the Fifth and Sixth Amendments to the United States Constitution. The Court found nevertheless that the death penalty provision was severable from the definition of kidnaping found in Section 1201(a). Judicial surgery having excised the death penalty from the statute's discussion of the offense of interstate kidnaping, the lower court's treatment of the case as non-capital for all purposes was correct.

In addition to asserting that the lower court erroneously treated the case as non-capital, the appellants have raised numerous additional points on appeal in seeking reversal of their convictions. Review of the record fails to demonstrate merit in any of these contentions. Beyond listing them in the margin[2] for possible future reference, we pretermit further discussion of these claimed grounds of error.

The appellants received fair trials below. The judgments of conviction are each

Affirmed.

thereof, shall be punished (1) by death if the kidnaped person has not been liberated unharmed, and if the verdict of the jury shall so recommend, or (2) by imprisonment for any term of years or for life, if the death penalty is not imposed."

2. The additional questions raised by one or more of the appellants are:
   1. Defendant Hoyt was deprived of a fair trial because two United States Marshals were stationed in the courtroom and were seated on either side of the defendants.
   2. Defendant Hoyt was deprived of a fair trial because he was effectively precluded from testifying for fear that his prior convictions would prejudice the jury against him.
   3. The district judge erred in permitting the alleged victim to testify about forced and perverted sexual acts committed by the defendants on the person of the victim during the course of the kidnapping.
   4. The district judge displayed feelings of aversion toward the defendants in the jury's presence when he asked a witness to repeat himself.
   5. The district judge committed reversible error in giving the government's proposed jury instruction concerning the intentional flight or concealment of the defendants following the commission of a crime.
   6. The district judge committed reversible error by referring to the victim as the "main witness" during the course of his charge to the jury.
   7. The district judge erred in advising the jury that the matter of punishment should not be of concern to the jurors.