Samuel **CARTER**

v.

**UNITED STATES of America.**

**Civ. A. 74–1210.**

United States District Court,
W. D. Pennsylvania.

Jan. 24, 1975.

Samuel Carter, pro se.

Henry G. Barr, Asst. U. S. Atty., Pittsburgh, Pa., for the U.S.

MARSH, Chief Judge.

The petitioner, Samuel Carter, filed a "Motion to Vacate" sentence imposed on March 12, 1973 at Criminal No. 72–230. The petitioner was found guilty after trial to a jury of bank robbery, 18 U.S.C. § 2113(a); assault and jeopardizing lives during the commission of the robbery, § 2113(d); and killing a person in avoiding or attempting to avoid apprehension for the commission of the robbery, § 2113(e). A sentence of 99 years was imposed. The petitioner took an appeal pro se.[1] On October 24, 1973, the judgment was affirmed.[2] The respondent was given an opportunity to show cause why the sentence should not be vacated at a hearing on December 31, 1974.

The petitioner's four reasons to vacate sentence will be discussed seriatim.

A

*Alleged prejudicial comments by the court and prosecutor*

■ The petitioner cites three specific instances where the court allegedly displayed prejudice against him during the trial. (See Tr. p. 211 lines 14–17, lines 18–23 and p. 306 lines 7–9).

In view of the colloquy from which the quotations are taken this contention has no merit. The statements, even though taken out of context, do not show judicial prejudice. Moreover, the colloquy took place in the absence of the jury and could not have had any influence upon its verdict. (Tr. pp. 206–207, 304).

The petitioner's reference to remarks of the prosecutor is without merit. There were no instances in the prosecutor's opening statement, comments during the trial or in his summation which were so "inflammatory or prejudicial" as to constitute plain error within the meaning of Rule 52 Fed.R.Crim.P., and in our recollection no objections by the defendant were made to the prosecutor's opening statement or summation.

■ Petitioner complains that he is without the benefit of a true and complete transcript from which to assign what he alleges is plain error, and cites three cases[3] of non-compliance with the Court Reporters Act, 28 U.S.C. § 753(b). This complaint is without merit. Court reporters in this district in criminal trials record verbatim the entire proceeding including side-bar conferences, opening statements and summations.

After giving notice of appeal pro se, the petitioner requested only the notes of testimony at his suppression hearing before Judge Dumbauld and "all notes of testimony of petitioner's trial."[4] He

---

1. See Document Nos. 42 and 48 in the criminal action.

2. Appeal of Carter, 485 F.2d 678 (3rd Cir. 1973).

3. United States v. Workcuff, 137 U.S.App.D. C. 263, 422 F.2d 700 (1970). Fowler v.

United States, 310 F.2d 66 (5th Cir. 1962). Stephens v. United States, 289 F.2d 308 (5th Cir. 1961).

4. Document No. 52 in the criminal action.

did not, at any time, order a transcript of the prosecutor's opening statement and summation.[5]

The motion to vacate for the reasons alleged under "A" of the motion is denied.

## B

### *Failure of the court to observe the provisions of 18 U.S.C. § 3432*

Title 18 U.S.C. § 3432 provides as follows:

"A person charged with treason or other capital offense shall at least three entire days before commencement of trial be furnished with a copy of the indictment and a list of the veniremen, and of the witnesses to be produced on the trial for proving the indictment, stating the place of abode of each venireman and witness."

The record in this case shows that at the petitioner's arraignment in the Magistrate's Court on September 12, 1972, he was given a copy of the indictment and pleaded not guilty. (See Document No. 8 and the plea of not guilty filed on the back of the indictment on September 12, 1972).

 The petitioner did, inter alia, request a list of government witnesses which request was orally denied by Judge Dumbauld of this court.[6] We think the denial was proper because petitioner was not charged with a capital offense.

The death penalty provision of 18 U. S.C. § 2113(e) was ruled unconstitutional in Pope v. United States, 392 U.S. 651, 88 S.Ct. 2145, 20 L.Ed.2d 1317 (1968), following the reasoning of United States v. Jackson, 390 U.S. 570, 88 S. Ct. 1209, 20 L.Ed.2d 138 (1968), which abolished the similar death penalty provision of the Federal Kidnapping Act,

18 U.S.C. § 1201(a). In United States v. Hoyt, 451 F.2d 570, (5th Cir. 1971) the court held that in light of the removal of the death penalty provision in *Jackson, supra,* Hoyt's case had to be treated as non-capital. Since the death penalty provision of 18 U.S.C. § 2113(e) had been ruled unconstitutional, the requirements of 18 U.S.C. § 3432 were not applicable to the petitioner's trial. Specifically, the petitioner was not entitled to a list of veniremen and their addresses or a list of the government's witnesses three days in advance of trial. Thus, we find no merit to petitioner's contentions as to the requirements of 18 U.S.C. § 3432, and the motion to vacate based on these grounds is denied.

## C

### *Alleged denial of petitioner's request for co-counsel*

 Petitioner asserts that he was denied the benefits of 18 U.S.C. § 3005 in that he requested through his appointed counsel that co-counsel be appointed.

Title 18 U.S.C. § 3005 provides:

"Whoever is indicted for . . . capital crime shall be allowed to make his full defense by counsel learned in the law; and the court before which he is tried, or some judge thereof, shall immediately, *upon his request,* assign to him such counsel, not exceeding two, as he may desire . . . ." (Emphasis supplied)

A review of the record fails to disclose any request to the court by petitioner through his appointed counsel or otherwise for an appointment of co-counsel as alleged in his motion. To the contrary, at the request of the prosecutor, petitioner's counsel submitted an affidavit affirming that he did not present a motion that a second counsel be appointed to represent the petitioner, and

---

5. Document Nos. 63 and 64 in the criminal action.

6. See page 57 in transcript of hearing on Motion to Suppress Evidence, Motion for

Discovery and Inspection, and Motion for Severance held January 4, 1973, Document No. 54 in the criminal action.

that the petitioner did not request him to present such a motion.[7]

Moreover, since the death penalty provision of 18 U.S.C. § 2113(e) was ruled unconstitutional in Pope v. United States, *supra,* the petitioner was not charged with a capital crime, and there was no longer a valid reason for additional counsel.[8]

The record reflects that petitioner was adequately represented, especially in the light of the overwhelming evidence of his guilt. His attorney presented several pretrial motions to Judge Dumbauld, including a motion for discovery and inspection, a motion to suppress evidence, motions for continuance and a motion for severance. The record of the argument on these motions (Document No. 54) as well as the record of the trial discloses an effective and conscientious representation of the petitioner. Upon his counsel's request a professional investigator was appointed who aided in the preparations for the defense.

For the foregoing reasons, the motion to vacate because of the failure to appoint two counsel pursuant to 18 U.S.C. § 3005 is denied.

### D

### Alleged failure to arraign in open court

Rule 10 Fed.R.Crim.P. provides:

"Arraignment shall be conducted in open court and shall consist of reading the indictment . . . to the defendant or stating to him the substance of the charge and calling on him to plead thereto. . . ."

7. See Document No. 5 in this Civil Action, 74–1210.

8. Petitioner cites United States v. Watson, 496 F.2d 1125 (4th Cir. 1973) which holds that one charged with first-degree murder under 18 U.S.C. § 1111 is charged with a capital crime and *if he requests* the assignment of two attorneys to represent him he has an absolute right thereto. In the case *sub judice* the petitioner made no such request. In United States v. Davis, 365 F.2d 251 (6th Cir. 1966), and in Crum v. Hunter, 151 F.2d 359 (10th Cir. 1945), both courts

The record of the criminal action shows that petitioner pled not guilty on September 12, 1972, in open court before Magistrate Mitchell (See back of indictment and Document No. 8). On that date, in the presence of his counsel, petitioner was advised of the charges against him and given a copy of the indictment. The 1968 Federal Magistrates Act, 28 U.S.C. § 636(b)(1), specifically provides that a magistrate may be assigned to "such additional duties as are not inconsistent with the Constitution and laws of the United States." The Rules for Magistrates in this district pursuant to the Act provide:

"C. Additional Duties.

. . . . . .

(6) When directed by the judge assigned to a criminal case the Magistrate shall administer it for any authorized purpose designated by the judge . . . ."

For many years and prior to September 12, 1972, the majority of the judges of this court have been directing the magistrates to render assistance by conducting arraignments and taking not guilty pleas. A similar practice prevails in Eastern Pennsylvania and Central California.[9] The Judicial Conference of the United States in 1971, reported "no substantive objections" to magistrates conducting post-indictment arraignments and taking not guilty pleas in any case.[10] *Cf.* United States v. Bey, 499 F.2d 194, 198 (3rd Cir. 1974) wherein the appellate court did not mention any caveat to an arraignment held on September 14, 1972, by a magistrate in this district.

held a defendant has no right to two counsel *unless he requests two.*

9. See Rule 46(c)(5)(a) in Eastern Pennsylvania; and General Order No. 104, Part Two, Section I, subparagraphs D, E, F, in Central California. These local rules are set out in the Appendix to "Magistrates, Unlimited," *infra.*

10. Reports of the Judicial Conference of the United States, 1971, set out in the Annual Report of the Director of the Administrative Office of the United States Court, 1971, at page 54.

In "Magistrates, Unlimited," October 1973, by Sensenich, at page 81 the learned author states: "Many districts have authorized magistrates to conduct arraignments, except that they cannot take guilty pleas unless the case is within their minor offense jurisdiction."

Thus, we find no prejudice to the petitioner in having been arraigned in open court before a magistrate, nor is there any Constitutional inconsistency in such practice. In our opinion the requirements of Rule 10 Fed.R.Crim.P. have been fulfilled, and the motion to vacate because of failure to comply therewith is denied.

An appropriate order will be entered.