**UNITED STATES of America,
Plaintiff,**

v.

**James L. JENSEN, Jr, and Robin
L. Jensen, Defendants.**

**No. 3:09–cr–00108 JWS.**

United States District Court,
D. Alaska.

Feb. 16, 2010.

Bryan D. Schroder, U.S. Attorney's Office, Anchorage, AK, Ignacio Perez De La Cruz, United States Department of Justice, Washington, DC, for Plaintiff.

## ORDER FROM CHAMBERS

JOHN W. SEDWICK, District Judge.

### I. MATTERS PRESENTED

Defendants Mr. and Mrs. Jensen, who are proceeding *pro se,* have filed numerous motions seeking dismissal of the charges

against them. The motions are found at dockets 23, 29, 30, 35, 35, 44, and 45. These motions were fully briefed, and the magistrate judge filed a report in which he recommended that each be denied. Timely objections were filed by the Jensens. In a final report at docket 83, Magistrate Judge Roberts continues to recommend that the motions all be denied.

The motions to dismiss are disposed below. After addressing the motions, this order sets out a recommendation to defendants concerning how they might better defend themselves against the serious charges brought against them by the United States-a recommendation which this court hopes defendants will carefully consider. Finally, this order requires action concerning the trial date.

## II. STANDARD OF REVIEW

The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."[1] When reviewing a magistrate judge's report and recommendation in a case such as this one, the district court conducts *de novo* review of all conclusions of law,[2] and any findings of fact to which objections have been made.[3] Uncontested findings of fact are reviewed for clear error.[4]

1. 28 U.S.C. § 636(b)(1).

2. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir.1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir.1996).

3. 28 U.S.C. § 636(b)(1).

4. *Taberer v. Armstrong World Industries, Inc.*, 954 F.2d 888, 906 (3d Cir.1992).

5. There is one mistake of no consequence in the final report at docket 83. It recites incorrectly that the government responded at dock-

## III. DISCUSSION OF MOTIONS TO DISMISS

This court has reviewed the file and applied the standard of review articulated above. Based thereon, this court can find no material fault[5] with the magistrate judge's final recommended findings and conclusions. The magistrate judge correctly found the facts and applied the law in his initial report. There is nothing in the Jensens' objections which has not been adequately addressed in the initial and final reports from the magistrate judge.[6] For the preceding reasons, this court adopts the findings of fact and conclusions of law recommended by the magistrate judge. Based thereon, the motions at dockets 23, 29, 30, 35, 36, 44, and 45 will all be denied.

## IV. DEFENDANTS SHOULD CONSIDER USING COUNSEL

The charges against defendants are serious. If convicted, defendants might be sentenced to significant periods of incarceration and a large fine. The most serious of the charges in the indictment, an attempt to defeat the payment of a tax in violation of 26 U.S.C. § 7201, is subject to a maximum penalty of five years in prison and a fine of up to $100,000 upon conviction. While the Jensens each have a constitutional right to self-representation and

et 81 to defendants' objections at docket 80. In fact, the government's filing at docket 81 relates to a discovery motion filed by defendants at docket 33 and an associated motion for reconsideration of the denial of that motion filed at docket 79. The government was neither required to, nor did it, respond to the objections.

6. Defendants filed an unauthorized additional objection at docket 84 which lacks merit.

the magistrate judge has explained the risks and possible consequences of proceeding *pro se,* they also have a right to counsel. Based on the record, it appears the Jensens are reasonably able people, but they have no training in the law. Moreover, like all self-represented litigants, the Jensens necessarily lack the ability to view their own circumstances as objectively as a third person can. Indeed, it is this latter fact which underpins the old adage that even a "lawyer who represents himself has a fool for a client." Of course, the choice of how to proceed remains in the hands of each defendant, but it would be wise to consider asking the previously appointed stand-by lawyers to represent defendants' interests from this point forward.

## V. CONSIDERATION OF TRIAL DATE

In a motion at docket 54, defendants requested that the court continue the trial. In an order at docket 72, the court granted the motion, but only in part, saying that a renewed motion could be filed if necessary as the new trial date approached. That trial date is March 10, 2010. To date the court has not received any further motion to continue, but assumes that a further continuance may be appropriate—at least from the defense standpoint. Accordingly, counsel for the United States, the defendants, and stand-by counsel shall promptly confer. Then on or before **February 24, 2010,** either the parties shall file a joint status report stating that all parties will be prepared for trial on March 10, 2010, or any party who will not be prepared shall file a motion to continue the trial.

## VI. CONCLUSION

For the reasons set out in the preceding sections of this order, the motions at dockets 23, 29, 30, 35, 36, 44, and 45 are each **DENIED.** The defendants are requested to carefully consider having counsel take over their representation at this point. Counsel for the United States, defendants, and stand-by counsel shall promptly confer and then, no later than **February 24, 2010,** either a joint status report advising that all parties will be prepared to proceed to trial on March 10, 2010, or a motion to continue the trial date shall be filed.

## RECOMMENDATION REGARDING MOTIONS TO DISMISS

JOHN D. ROBERTS, United States Magistrate Judge.

The defendants have filed seven motions to dismiss. These motions are discussed in turn in this report and recommendation. For reasons stated below the motions to dismiss should be denied.

### First Motion to Dismiss, Docket 23

Defendant **James L. Jensen** moves to dismiss the Indictment on grounds that it is over reaching, charging for actions that are not crimes, suffers from the absence of essential elements and contains fatal defects as described in the motion. Docket 23. The motion is signed by co-defendant **Robin L. Jensen,** who has joined in the Motions to Dismiss. The government filed an opposition at Docket 27. Upon due consideration of the pleadings and for reasons stated below the magistrate judge concludes that the motion to dismiss lacks merit.

Defendants James Jensen and Robin Jensen are named in Count 1 of the Indictment. Count 1 charges the offense of attempt to defeat the payment of a tax in violation of 26 U.S.C. § 7201. Counts 2 through 4 charge both defendants with unlawfully filing a joint false income tax return for the tax years 1998–2000 in violation of 26 U.S.C. § 7206(1). Counts 5 through 8 charge James Jensen with willfully failing to file an income tax return for the calendar years 2004–2007 in violation

of 26 U.S.C. § 7203. Counts 9–12 charge Robin Jensen with failing to file income tax returns for the calendar years 2004–2007 in violation of 26 U.S.C. § 7203. The allegations do more than simply refer to the statutory authority for the prescribed conduct.

James Jensen claims that Count 1 does not cite a federal statute. To the contrary the last statement in Count 1 alleges that the allegations in Count 1 violate Title 26, United States Code § 7201. Count 1 alleges the asserted elements of the offense charged, namely: One: A substantial income tax was due from the defendant; Two: The defendant attempted to evade or defeat this tax as described in the indictment; and Three: In attempting to evade or defeat such tax, the defendant acted willfully.

Without any factual basis to support his allegation(s) the defendants assert that the Grand Jury was misled on Count 1 as to the relationship of that Count to other allegations of criminal offenses. Defendants claim that Count 1 fails to allege "essential legal and fact elements." The defendants' memorandum does not identify any such essential "elements."

The indictment alleges introductory allegations which apply to all of the counts of the indictment. *See* Paragraphs 8, 10 and 12 specifically incorporating the introductory allegations. With respect to Count 1 the Indictment alleges that James Jensen wilfully attempted to evade and defeat the payment of federal income tax, penalties and interest due for certain calendar years by committing affirmative acts of evasion intended to hide his income and assets from the Internal Revenue Service (IRS) by committing acts listed in paragraphs 9a through 9j.

The allegations in Counts 2–4 asserting unlawful filing of a joint false income tax return alleging that both defendants did wilfully make and subscribe U.S. Individu-

al Income Tax Returns (Forms 1040) for certain calendar years containing false items as described in paragraph 11 of the Indictment. These counts further allege that each of the income tax returns were verified by a written declaration that it was made under the penalties of perjury, and the defendants did not believe the returns to be true and correct as to every material matter.

Counts 5–8 allege that James Jensen did wilfully fail to file in the District of Alaska and elsewhere timely income tax returns for the calendar years 2004 through 2007 by acting wilfully and with knowledge of his duty to file within the filing deadlines. Co-defendant Robin Jensen is charged similarly in Counts 9 through 12 with wilfully failing on or before the filing deadline to make timely income tax returns for the calendar years 2004 through 2007.

 The indictment sufficiently apprises the accused of the nature of the offenses asserted in each of the counts of the indictment. The indictment sufficiently sets forth factual allegations addressing action and intent required of the government to provide fair notice to the defendants of the nature of the crimes charged in the indictment. The indictment meets the standard that it must provide a defendant with adequate notice of the charges in sufficient detail to inform the defendants of the charges and to enable them to plead double jeopardy. *See United States v. Alber,* 56 F.3d 1106, 1111 (9th Cir.1995). An indictment is sufficient if it sets forth the elements of the charged offense(s) in sufficient detail to ensure against the defendant being placed in double jeopardy and to inform the defendant(s) of the offense charged. *United States v. Fernandez,* 388 F.3d 1199, 1217–18 (9th Cir.2004). *See also United States v. McGill,* 964 F.2d 222, 231 (3rd Cir.1992) (Court of Appeals affirmed an indictment for evasion of a pay-

ment charge under § 7201 of the Internal Revenue Code.) The indictment provides a minimum dollar figure for the amount of payment(s) allegedly evaded.

Jensen does not identify an offense that he is charged with in Count 1 that should not have been made against him in that Count. Nor does he identify the elements allegedly added to that count beyond the essential elements alleged. It is pure speculation that the prosecutor plans to present evidence of offenses not specifically charged in the indictment when presenting the government's case at trial.

Defendants assert that the government has presented a case at trial beyond the scope of the indictment. Trial by jury has yet to take place so this argument is premature and patently frivolous.

Defendants cite *Stirone v. United States,* 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960) in support of their argument that an essential element is missing from their indictment. In *Stirone,* the Supreme Court reversed the conviction of a defendant who had been indicted for alleged violations of the Hobbs Act. The Supreme Court held that the trial court had permitted the defendant to be tried on charges that were not made in the indictment against him. The Jensens have not yet been brought to trial. The claim that the indictment has been or will be enlarged erroneously by the admission of evidence at trial has no factual support. Similarly, the defendants reliance upon *United States v. Bizzard,* 615 F.2d 1080, 1082 (5th Cir.1980) is misplaced. In *Bizzard,* the Fifth Circuit Court of Appeals overturned an assault conviction because the trial judge had included assault charges in the jury instructions while the indictment had not charged assault.

The motion to dismiss asserts that Count 1 charging attempting to defeat the payment of a tax must be dismissed because it alleges affirmative acts which themselves are not illegal. The indictment does not assert as a criminal offense conduct which the defendants may have undertaken to make the government's job to collect taxes harder. The fact that the alleged affirmative acts involve conduct that may have had that effect are of no moment. The defendants assert that the grand jury was ("undoubtedly") led to believe that each one of the affirmative acts in Items 1 through 14 were illegal. Those items are listed on pages 1 through 3 of the motion to dismiss and characterized by defendants as fatal defects in the indictment. Defendants argue that the grand jury should have been informed that these 14 items were not part of the criminal offenses charged. These items are discussed below in turn.

Item 1 refers to the reference in the introductory allegations that the defendants reside in Cordova, Alaska. Because the indictment asserts violations of the Internal Revenue laws of the United States, the reference to the place of residence is relevant to the local office of the Internal Revenue Service where or the income tax returns were filed or should have been filed.

Non criminal acts may serve as affirmative acts supporting the conviction of an alleged offense. Assertions that James L. Jensen was self-employed, that defendant Robin Jensen operated a cabin rental business, and that the Jensens derived additional income from a snow plowing business, each serve as a factual predicate to the alleged violations of the obligation to file true and correct tax returns for the calendar years in question. The Indictment describes the items of gross income, deductions and credits to which the tax payer was entitled. The reference to the S & R Irrevocable Trust, the Eyak River Ministries and Rhema Foundation and related allegations stated in the introductory

paragraphs of the indictment serve to place the defendant(s) on notice as to the nature of the attempts to defeat the payment of a tax and the nature of the alleged falsity of the income tax returns defendants filed.

The presence of the introductory allegations do not render the Indictment void. Courts have recognized that the concealment of assets alone may constitute an offense under § 7201 of the Internal Revenue Code for the evasion of payment of income taxes. *United States v. Hook*, 781 F.2d 1166 (6th Cir.1986). Conduct likely to mislead or to conceal income to avoid payment may constitute relevant affirmative actions appropriate to the nature of the tax charges at issue.

Appellate courts have repeatedly upheld convictions under 26 U.S.C. § 7201 in which affirmative acts themselves may have been legal. *See United States v. Voorhies*, 658 F.2d 710, 716 (9th Cir.1981). Count 1 of the indictment provides a list of acts of evasion which are alleged to have been committed with the intent to hide income and assets from the IRS. *See* Paragraphs 9a through 9j of the Indictment. The affirmative acts described in Count 1 include the following: Creating S & R Investments, an irrevocable trust; using a fictitious Tax Identification Number to open and use a bank account on behalf of S & R for the deposit of checks from fish processors to conceal income; creating River Ministries; transferring title of a plat encompassing the defendants residence and cabins to the irrevocable trust and Ministries corporation; sending a fictitious financial instrument to the treasury department to pay federal tax liability; sending a letter to IRS collections manager seeking an adjustment on the IRS lien on defendants' Exxon Settlement; falsely claiming zero profits from commercial fish-ing for tax years 1998 through 2000; directing customers to make payments for fish purchases payable to Rhema Foundation, and using that Foundation to deposit checks from commercial fish buyers. These affirmatives acts are alleged as acts of evasion intended to hide income and assets from the IRS. They are not described as elements of a separate crime. Read in the context of the indictment they do not seek to enlarge the indictment by rendering unlawful conduct or action which itself may be lawful. The Motion to Dismiss at Docket 23, should be denied.

**Second Motion to Dismiss, Docket 29**

The second motion to dismiss the indictment contends that the indictment is over-reaching and contains allegations for actions that are not crimes nor essential elements of Count 1 which charges a violation of 26 U.S.C. § 7201. Defendants further contend that Count 1 is defective for failing to allege essential legal and factual elements. Docket 29. The government filed an opposition at Docket 40. The defendants filed an unauthorized reply at Dockets 46 and 57.[1]

Paragraph 9 under Count 1 lists several alleged means by which defendant James Jensen attempted to evade and defeat the payment of a large part of the federal income tax, penalties and interest due and owing by him to the United States for the calendar years 1994 through 1997. The affirmative acts of evasion are alleged to have been committed with the intent to hide income and assets from the IRS. Mr. Jensen argues that four of these affirmative acts listed in the indictment are not essential to the charge under 26 U.S.C. § 7201.[2]

Federal Criminal Rule 7(c)(1) embodies the Sixth Amendment right of the accused

---

**1.** Replies in criminal cases are permitted only by permission by the court. D.Ak.LCrR. 47.1.

**2.** The affirmative acts challenged are those listed in paragraph 9b, 9e, 9f and 9g.

to be informed of the nature and cause of the accusation. That rule provides that the indictment should be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." The indictment should contain not only the elements of the offense charged, it should also fairly inform the defendant of the charge against which he must defend. The indictment serves to enable a defendant to pled an acquittal or conviction and bar future prosecutions for the same offense. The indictment also serves to inform the court of the facts alleged so that it may decide whether they are sufficient in law to support a conviction should there be one. *See United States v. Cruikshank,* 92 U.S. 542, 558, 23 L.Ed. 588 (1875).

■ Count 1 alleges every essential element of the offense charged. Count 1 rather than containing bare bones allegations is accompanied by a statement of facts to inform the accused of the specific offense. The indictment need not negate matters that go only to a defense such as any innocent reason the defendant may have under taken the alleged affirmative acts. Because there is a variety of ways in which the offense of wilfully attempting to evade or defeat the payment of a tax can be committed, it is permissible for the indictment to allege acts by which the government contends the offence was committed. The extensiveness of the affirmative acts set forth in the indictment does not offend the rule relating to a plain and concise indictment. *Compare, United States v. Root,* 366 F.2d 377 (9th Cir.1966), *cert. denied* 386 U.S. 912, 87 S.Ct. 861, 17 L.Ed.2d 784 (extensiveness of claim set forth in indictment charging subordination of perjury due to extensive recitations of the witness did not offend Rule 7). Jensen has not shown that he is prejudiced or likely to be prejudiced by the inclusion of alleged affirmative acts or evasion in Count 1. The alleged facts do not consti-

tute allegations of irrelevant or immaterial facts. The allegations are neither inflammatory nor prejudicial. Thus, the defendant has not shown that the information in question is both irrelevant and prejudicial and should therefore be stricken as surplusage.

Count 1 does not assert a criminal violation of a different offense other than 26 U.S.C. § 7201. Jensen's attempt to mischaracterize the alleged overt acts otherwise is misplaced. Jensen has not identified elements essential to the offense of attempt to defeat a payment of a tax that is not contained in Count 1 of the indictment. The court is not persuaded by Jensen that he could be convicted of an offense not charged in Count 1 or under 26 U.S.C. § 7201 based on the language of that count in the indictment.

■ Jensen appears to be arguing in part that the grand jury could have indicted him for committing the affirmative acts alone without finding that he probably attempted to defeat the payment of a federal tax as alleged. No factual basis for that argument has been provided and it is pure speculation not based upon a fair reading of the allegations in Count 1 as a whole. Jensen appears to be indirectly arguing the lack of sufficiency of the evidence to indict him under Count 1. Such argument based upon a reading of the indictment fails. Count 1 provides sufficient notice to James Jensen to fairly require him to defend against this charge as it is stated. Generally, the court does not look beyond the face of the indictment to determine if it is sufficient. *United States v. Plummer,* 221 F.3d 1298 (11th Cir.2000). Count 1 clearly alleges that the conduct alleged violated Title 26, U.S.C. § 7201. That section has been held constitutional by the Supreme Court. *United States v. Ragen,* 314 U.S. 513, 524, 62 S.Ct. 374, 86 L.Ed. 383 (1942). *See also, United States v. Chi-*

*kata,* 427 F.2d 385, 390 (9th Cir.1970) (vagueness challenge).

Jensen relies in part upon several cases wherein the evidence did not conform to the charges contained in the indictment. There has been no trial in the instant case and those cases are therefore not on point.

■ "[A]ny conduct, the likely effect of which would be to mislead or to conceal" suffices as an affirmative act of evasion. *Spies v. United States,* 317 U.S. 492, 499, 63 S.Ct. 364, 87 L.Ed. 418 (1943). An affirmative act is any act done to mislead the government or conceal funds to avoid the payment of an admitted inaccurate deficiency. *United States v. McGill,* 964 F.2d 222, 230 (3rd Cir.1992). The fact that an alleged affirmative act may also be probative evidence of the wilfulness of a defendant's alleged evasion does not prevent that affirmative act from being properly alleged in the indictment as an affirmative act of evasion.

Count 1 fairly and adequately provides notice that the listed affirmative acts were allegedly committed or caused to be committed to hide income and assets from the IRS. They do not suggest a separate criminal charge as argued by the defendant. The indictment fairly read did not give the grand jury liberty to indict under Count 1 if it found cause to believe that the affirmative acts alleged occurred apart from probable cause to believe that Jensen wilfully attempted to evade and defeat the payment of the federal tax due the United States for the calendar years in question.

■ Paragraph 9 clearly charges Jensen with the wilful attempt to evade and defeat the payment of a tax "by committing or causing to be committed" the listed affirmative acts of evasion. The indictment does not allege a criminal violation based only on the occurrence of the alleged affirmative acts. The defendant's

argument that the allegation of the affirmative act(s) fails to satisfy the "mens rea" or wilfulness element misperceives the purpose of notice pleading in the indictment. The government is not required to allege in an indictment all of its evidence nor do the proceedings before the grand jury require the government to prove the wilfulness element. That proof comes at trial. By attacking the sufficiency of the indictment the defendant may not thereby challenge the sufficiency of the evidence to support the indictment. The Second Motion to Dismiss should be Denied.

### Third Motion to Dismiss, Docket 30

Defendant James Jensen seeks dismissal of the indictment on grounds that the grand jury "was not informed that the filing of income tax returns and payment of the tax liability was outside the statutes of limitations ..." Docket 30. The Defendants' Response to the Government's Opposition to Defendants' Motion to Dismiss the Indictment, Docket 57, also addresses the statute of limitations issue.[3] The government filed an opposition to this motion at Docket 41. Defendants filed an unauthorized reply entitled "Defendants' Motion to Dismiss the Indictment," Docket 46. Jensen states that the alleged affirmative acts constituting evasion contain no dates to indicate that the affirmative acts occurred within the six year statute of limitations. He argues that the date(s) must be set forth in the indictment to properly allege a federal crime. He argues that the indictment is defective because it did not allege a specific date(s) for consideration by the grand jury. Jensen requests the court to dismiss Counts 1 through 4 on grounds that the indictment does not allege facts to show that the offenses occurred within the applicable statute of limitations.

---

**3.** This motion is joined in by defendant Robin L. Jensen.

## Statute of Limitations

■ In tax evasion assessment cases the statute of limitations begins to run from the last act of concealment. *United States v. Hunerlach,* 197 F.3d 1059, 1065 (11th Cir.1999); *United States v. Anderson,* 319 F.3d 1218, 1219 (10th Cir.2003); *United States v. Ferris,* 807 F.2d 269, 271 (1st Cir.1986); *United States v. Trownsell,* 367 F.2d 815, 816 (7th Cir.1966). The statute of limitations for 26 U.S.C. § 7201 is six years. 26 U.S.C. § 6531(2). In cases of wilful evasion of payment of tax there is an additional element that the tax payer engage in some affirmative act constituting an evasion of payment of tax. *See Sansone v. United States,* 380 U.S. 343, 351, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965).

Whether Jensen committed affirmative acts of evasion within the six year period prior to the date of indictment raises a mixed question of fact and law. A valid indictment provides the government with the opportunity to present evidence at trial that the affirmative acts occurred in the time frame that allows for conviction within the applicable statute of limitations as lawfully extended. Jensen argues that the indictment is not valid because it does not disclose on its face the dates of the affirmative acts to allow the defendant to determine that the indictment is based upon acts of evasion that occurred after the tax return(s) was due for the purposes of calculating the statute of limitations period. The only dates alleged in Count 1 is that beginning on or about "March 21, 2001, and continuing thereafter up to at least July 23, 2006," the defendant wilfully attempted to evade and defeat the tax as more fully alleged.

In the government's opposition to the defendants third motion to dismiss the indictment (Docket 41) the government provides dates for affirmative acts alleged in paragraphs 9e through 9j of the indictment. The specific months and years stated in the government's pleading at Docket 41, all fall within the time frame of March 21, 2001 and July 23, 2006. Case law provides that the government need only show one affirmative act of evasion for each count of tax evasion. *United States v. Thompson,* 518 F.3d 832, 853 (10th Cir. 2008); *United States v. Conley,* 826 F.2d 551, 556 (7th Cir.1987).

The magistrate judge agrees that a defendant ought not be put to the task of defending a criminal charge that is barred by the inapplicable statute of limitations. This due process concern raised in the motion to dismiss the indictment presents a question of law for the court not the grand jury.

■ The court has conducted an *in camera* review of the grand jury transcript to determine whether the affirmative acts alleged in Count 1 of the indictment were presented to the grand jury as having occurred on the dates consistent with the government's pleading and within the time frame of the alleged tax evasion charged in Count 1 of the indictment. The magistrate judge is satisfied that the alleged affirmative acts constituting an evasion of the payment of tax due and owing by Jensen for the calendar years 1994, 1995, 1996 and 1997 were represented factually to the grand jury to extend the six year statute of limitations as argued by the government. Thus, Count 1 is not subject to dismissal on the grounds that the offense of attempt to defeat the payment of a tax as charged in Count 1 is barred by the applicable statute of limitations. Jensen has not offered any proof nor is the magistrate judge aware of any authority that requires the grand jury to indicate in a special interrogatory or otherwise their finding that the counts of the indictment comply with the applicable statute of limitations. The magistrate judge is satisfied from the *in camera* review that the gov-

ernment has presented evidence to the grand jury to address the application of the statute of limitations.

Counts 2 through 4 charge both defendants with unlawfully filing a joint false income tax return for the tax year stated in violation of 26 U.S.C. § 7206(1). The statute of limitations for such offenses is governed by 26 U.S.C. § 6531(5). Section 6531 provides in pertinent part as follows:

> "No person shall be prosecuted, tried, or punished for any of the various offenses arising under the Internal Revenue laws unless the indictment is found or the information instituted within three years next after the commission of the offense, except that the period of limitation shall be six years—... (2) for the offense of willfully attempting in any manner to evade or defeat any tax or the payment thereof...." The statute of limitations for violations under 26 U.S.C. § 7206(1) begins to run when the false return is filed or received by IRS rather than when it was due.[4] "A violation of 26 U.S.C. § 7206(1) is complete when a tax payer files a return which he does not believe to be true and correct as to every material matter."

*See United States v. Kuball,* 976 F.2d 529, 532 (9th Cir.1992).

■ Counts 2, 3 and 4 of the indictment allege a filing of a joint false income tax return for the tax years 1998, 1999 and 2000. The government states in its response that the false returns were filed by the Jensens for these tax years and received by the IRS in November 2003, a date within six years of the October 2009 indictment. Therefore, Counts 2 through 4 were indicted within the statute of limitations period and the defendants' pretrial motion to dismiss should be denied. Should the government fail to prove at trial that the alleged false returns were filed and received by IRS in November 2003 as stated in their response then the defendants will have the opportunity to renew their motion to dismiss such counts as falling outside the statute of limitations period.

Defendants argue that they cannot be charged criminally for tax years 1994 through 2000 because Counts 1 through 4 are barred by the statute of limitations. They argue that the indictment is defective because it did not include language informing the grand jury about the applicable statute of limitations. The indictment was handed up on October 23, 2009. For Count 1 charging attempt to defeat the payment of a tax, the six year statute of limitations began to run on the date of the last affirmative act constituting an act of evasion. *United States v. DeTar,* 832 F.2d 1110, 1113 (9th Cir.1987). Wherefore, the Third Motion to Dismiss lacks merit and should be.

### Fourth Motion to Dismiss, Docket 35

Counts 5 through 12 of the Indictment charge the offense of willfully failing to file an income tax return for the calendar years noted in violation of 26 U.S.C. § 7203. James Jensen is charged in Counts 5 through 8 for the calendar years 2004 through 2007. Robin Jensen is charged in Counts 9 through 12 for the calendar years 2004 through 2007 respectively. Defendants argue that § 7203 alone does not "fully define" the offense. They argue that the indictment is defective for failing to allege in addition to § 7203, Sections 1, 3, 61, 63 and 64 of Title 26. Docket 35. The motion is opposed by the government on grounds that reference to these code sections is inappropriate and unnecessary to allege a criminal violation

---

4. The exception to this rule occurring when a false return is filed before the due date is not applicable here.

for wilfully failing to file an income tax return under § 7203. Docket 47.

The additional sections referenced in their attack on the indictment relate to the following matters in Title 26 of the United States Code: Section 1 relates to tax tables for married individuals. Section 3 relates to tax tables for individuals. Section 61 provides a definition of "gross income." Section 63 provides a definition of "taxable income." Section 64 provides a definition of "ordinary income."

The essential elements of the offense of wilfully failing to file an income tax return are as follows:

First, the defendant [owed income tax][had a gross income of more than [dollar amount]] for the calendar year ending December 31, [year];

Second, the defendant filed to [pay the tax] [file an income tax return] by April 15, [year]; and

Third, the defendant acted for the purpose of evading [his][her] duty under the tax laws and not as a result of accident or negligence.

Ninth Circuit Pattern Jury Instructions, § 9.3b. Thus, a reference to tax tables and definitions would be collateral to the necessary content of an indictment. An indictment is sufficient if it gives defendants adequate notice of the charges against them and contains "elements of the charged crime in adequate detail to inform the defendant(s) of the charge and to enable him (her) to plead double jeopardy." *United States v. Alber*, 56 F.3d 1106, 1111 (9th Cir.1995). "An indictment should contain a plain, concise, and definite written statement of the essential facts constituting the offense charged." *United States v. Awad*, 551 F.3d 930, 935 (9th Cir.2009), *cert. denied* —— U.S. ——, 129 S.Ct. 2748, 174 L.Ed.2d 249 (2009).

Defendants rely upon *United States v. Menk*, 260 F.Supp. 784 (S.D.Ind.1966). In *Menk*, the district court held that an infor-mation charging the defendant with maintaining for use permitting use of certain coin operated gaming device during the month of February 1966, on premises occupied by him, without having first paid the tax therefor was not insufficient for failing to allege the day(s) on which the alleged offense was committed. The court held that an information or indictment is sufficient which charges a statutory crime substantially in the language of the statute if such language is fully descriptive of the offense. The case addressed the need for a charging document to allege with specificity the date on which the alleged crime was committed where it is not an essential ingredient of the crime charged. The case is inapplicable to the issue of the sufficiency of the pending charges against the Jensens.

*United States v. Romero*, 640 F.2d 1014 (9th Cir.1981), cited by defendant does not support the contention that Sections 1, 3, 63 and 64 are essential elements to the charge of wilfully failing to file an income tax return. There, defendant alleged bias and error on the part of the trial judge based upon his comments and instructions concerning legal meaning of the terms "income" and "person" in 26 U.S.C. § § 61 and 7203. The court found that allegation to be frivolous.

Likewise, *Coleman v. C.I.R.*, 791 F.2d 68 (7th Cir.1986) is inapplicable. In that case tax payers sought review of the Internal Revenue Service conclusion that he owed additions to tax. The tax court granted summary judgment for Internal Revenue Service and the Seventh Circuit affirmed. The case did not address the contents of a criminal indictment.

■ Internal Revenue Code provisions are irrelevant to determining precisely the type and amount of tax owed need not be cited in a criminal charge. The indictment clearly references U.S. Individual Income

Tax Returns (Form 1040) and no further statutory reference is necessary to determine that type of taxes at issue are not tobacco taxes, gift taxes, estate taxes, etc., as argued by the defendants. Rather, the indictment provides sufficient notice of the allegations that defendants had earnings sufficient to require them to file a federal individual income tax return and they failed to do so. Wherefore, the defendants' Fourth Motion to Dismiss Counts 2 through 12, lacks merit and should be denied.

### Fifth Motion to Dismiss, Docket 36

Defendants seek dismissal of Counts 1 through 4 on grounds that they failed to allege essential elements of the offenses under Title 26 U.S.C. § 7201 (Count 1) and 26 U.S.C. § 7206(1) (Counts 2 through 4). The argue that all counts are defective for failing to include and or incorporate the language under 26 U.S.C. § 1, 3, 61, 63 and 64. The elements of tax evasion are stated in *United States v. Mal*, 942 F.2d 682, 685 (9th Cir.1991). To obtain a conviction for income tax evasion the government must prove each of the following elements beyond a reasonable doubt. First, the defendant owed more federal income tax for the calendar year (specifying the year) than was declared due on the defendant's income tax return; second, the defendant knew that more federal income tax was owed than was declared due on the defendant's income tax return; third, the defendant made an affirmative attempt to evade or defeat an income tax; and, fourth, in attempting to evade or defeat such additional tax, the defendant acted willfully.

To obtain a conviction for the offense of filing a false tax return in violation of 26 U.S.C. § 7206(1), the government must prove each of the following elements beyond a reasonable doubt: First, the defendant made and signed a tax return for the year (specifying the year) that he knew contained false information as to a material matter; second, the return contained a written declaration that it was being signed subject to the penalties of perjury; and, third, in filing the false return, the defendant acted wilfully. Ninth Circuit Criminal Jury Instructions 9.37 (2000). Materiality is a question of fact for the jury. *United States v. Uchimura*, 125 F.3d 1282, 1284 (9th Cir.1997), *cert. denied* 525 U.S. 863, 119 S.Ct. 151, 142 L.Ed.2d 123 (1998). The false information was material if it had a natural tendency to influence or was capable of influencing or affecting the ability of the IRS to audit or verify the accuracy of the tax return or a related return. See *United States v. Gaudin*, 515 U.S. 506, 509, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995).

■ A reference to Sections 1, 3, 61, 63 and 64 of Title 26 of the United States Code is inappropriate and unnecessary to a valid indictment. The tax deficiency need not be "substantial." *United States v. Marashi*, 913 F.2d 724, 735 (9th Cir. 1990). To prove income tax evasion the government must prove the defendant knew that substantially more federal income tax was owed than was declared due on defendant's federal tax return. It is not the purpose of the indictment for income tax evasion to calculate precisely the amount of income tax owed by the defendant for the calendar year in question. It is a question of proof for trial for the government to establish that the defendant owed substantially more federal income tax for the particular calendar year than was declared due on the defendant's income tax return and that the defendant knew that substantially more federal income tax was owed then was declared due on that return. There is no requirement for an indictment to cite additional code sections as argued by defendants. Defen-

914

dants Fifth Motion to Dismiss lacks merit and should be denied.

**Sixth Motion to Dismiss, Docket 44**

Defendant James Jensen joined by co-defendant Robin Jensen seek a dismissal on grounds that the court lacks person and subject matter jurisdiction and that they did not receive notification that a Federal Grand Jury was being empaneled to investigate them thereby depriving them of the opportunity to move to dismiss the indictment and to stay the proceedings prior to the indictment being filed. Docket No. 44. The motion is opposed by the government. Docket No. 63.

■ The United States District Court has original jurisdiction of all offenses against the laws of the United States that occur in this district. 18 U.S.C. § 3231. This includes jurisdiction over offenses proscribed under Title 26 of the United States Code also known as the Internal Revenue Code. *United States v. Amon*, 669 F.2d 1351, 1355 (10th Cir.1981). Article I, Sec. 8 of the United States Constitution empowers Congress to create, define, and punish crimes, irrespective of where they are committed. That section as well as the Sixteenth Amendment to the United States Constitution empowers Congress to create and provide for the administration of an income tax. The statutes under which the Jensens are charged plainly fall within that authority. The courts have routinely rejected as frivolous a claim that federal jurisdiction does not impose prosecution for federal tax evasion, filing a false income tax return or wilfully failing to file an income tax return. *Amon*, 669 F.2d at 1355. A contention that James Jensen or Robin Jensen is not an "individual" under the Internal Revenue Code is a frivolous argument. See *United States v. Studley*, 783 F.2d 934, 937 (9th Cir.1986). The argument that neither is a "person" subject to the tax laws is frivolous. See *Unit-ed States v. Romero*, 640 F.2d 1014, 1016 (9th Cir.1981).

Any argument that § 7203 fails to define the "person required" to file a tax return and is therefore void for vagueness is without merit. *United States v. Pederson*, 784 F.2d 1462 (9th Cir.1986). The definition of a "person" required to pay an income tax is set forth in 26 U.S.C. § 1 and is also explicit in 26 U.S.C. § 6012. See also, *United States v. Rice*, 659 F.2d 524, 528 (5th Cir.1981).

■ Defendants cite no authority for their contention that they are entitled to receive notification that a federal grand jury is conducting an investigation as to them. Neither the U.S. Constitution nor federal law provide the right of notification of the existence of a grand jury investigation to a "target" of that investigation. The Constitution makes the grand jury a part of the judicial process and the grand jury is an arm of the court. *Levine v. United States*, 362 U.S. 610, 617, 80 S.Ct. 1038, 4 L.Ed.2d 989 (1960). Unlike an ordinary judicial inquiry, grand jury proceedings are secret. *Id.* The defendant's due process rights are achieved when an indictment is made public. *Id.* See also, Federal Criminal Rule 6. In contrast, a civil proceeding addressing tax collection for tax assessment is treated differently under the law.

Defendants cite 28 U.S.C. § 1867(a) which addresses selection process for the grand jury. That section allows the defendant to move to dismiss an indictment when the government has substantially failed to comply with the provisions of the Jury Selection and Service Act of 1968 (28 U.S.C. §§ 1861, 1867). The motion under this section would need to be accompanied by a "sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions" of that title. See *United States v. Dean*, 487 F.3d 840, 849 (11th Cir.2007); *United States v.*

*Contreras,* 108 F.3d 1255, 1267 (10th Cir. 1997); *United States v. Young,* 822 F.2d 1234, 1239 (2nd Cir.1987). No such sworn statement of facts has been presented. Wherefore, the defendants' Sixth Motion to Dismiss relating to grand jury proceedings should be denied.

**Seventh Motion to Dismiss, Docket 45**

Defendants seek dismissal on grounds that they were improperly arraigned before a magistrate judge when they did not give consent to be arraigned before a non-article judge. They contend that any final judgment of this court would be void as a result. Defendants repeat their argument that this court lacks personal and subject matter jurisdiction over them.

The motion is ill advised. The Federal Magistrates Act, 28 U.S.C. § 636 addresses the jurisdiction of powers of a United States Magistrate Judge. Section 636(a) empowers a magistrate judge with all powers conferred or imposed upon United States Commissioners by law or by the Rules of Criminal Procedure for the United States District Courts. Under the District of Alaska Local Magistrate Rules, arraignments are assigned to magistrate judges unless otherwise ordered by a district judge. D.Ak.LMR 3(b). The district court has discretion to delegate an arraignment to a magistrate judge over a defendant's objections. *United States v. Stephenson,* 2007 U.S. APP. Lexis 27785 (9th Cir.2007). An arraignment is a pretrial matter for which consent is not required. *Id.*

For the foregoing reasons the defendants' Motions to Dismiss at Dockets 23, 29, 30, 35, 36, 44, 45 should be DENIED. IT IS SO RECOMMENDED.

### FINAL RECOMMENDATION REGARDING MOTIONS TO DISMISS

The defendants **James and Robin Jensen** have timely filed objections to the recommendation addressing seven of their motions to dismiss. Docket 80. The government filed a response. Docket 81. Upon due consideration of the objections the magistrate judge declines to modify the recommendation [77] that the motions to dismiss be denied. A few comments on the objections follow.

In their objections, defendants persist that the magistrate judge is misreading the indictment. The Jensens claim the indictment improperly charges affirmative acts as violations of 26 U.S.C. § 7201. They argue that the affirmative acts are charged as if they were elements of such offense and further that the grand jury could then have returned a true bill as to Count1 by finding probable cause to believe that they committed a supporting affirmative act rather than probably committing the elements of the offense of attempt to defeat the payment of a tax as charged in Count 1 of the indictment. The Jensens err in their reading of the indictment.

Paragraph 8 under Count 1 re-alleges paragraphs 1 through 7 of the introductory allegations as though fully reinstated under Count 1. It is significant that the incorporated paragraphs 1 through 7 are incorporated as "introductory allegations." Defendants take issue with use of the word "all" at the end of Count 1 wherein it states "All in violation of Title 26, United States Code, § 7201." The list of alleged affirmative acts of evasion described in paragraph 9 under Count 1 do not stand alone; Count 1 does not allege that each of the alleged affirmative acts of evasion constituted a violation of § 7201.

Defendants argue that the indictment is defective because it does not state that the alleged affirmative acts are "supporting" the indictment and therefore should be read as charging the affirmative acts of violations of § 7201. The language of

Count 1 charges that James Jensen did wilfully attempt to evade and defeat the payment of a large part of tax, penalties and interest owed by him to the United States by committing or causing to be committed affirmative acts of evasion intended to hide his income and assets from the IRS. Such affirmative acts by virtue of Count 1 are alleged to include the ten acts described in paragraph 9 of the indictment.[1]

The defendants contend that the indictment is defective because it does not contain a specific date(s) for the charges described in the indictment. Each of the counts of the indictment allege that the referenced offense occurred within the time frame of the statute of limitations. Under Notice pleading which is allowed in the indictment, this information is sufficient for the validity of the indictment. The indictment need not contain evidence to support how the events alleged within that time frame extended the six year statute of limitations for the years of the returns in question.

The defendants have properly raised a statute of limitations issue but the language of the indictment need not contain all of the facts necessary to support the legal argument that the charges have been timely brought by the government within the statutory limitation. Count 1 charges that the offense of attempt to defeat the payment of a tax began on or about March 21, 2001 and continued thereafter up to at least July 23, 2006. Counts 2 through 4 allege that on or about November 21, 2003 the defendants wilfully made and subscribed U.S. individual income tax returns for the calendar years listed, knowing and believing that they were not entitled to claim such deductions and expenses as described in those counts thereby unlawfully filing a joint federal income tax return.

Counts 5 through 12 charge that the defendants wilfully failed to file an income tax return for the calendar years 2004 and 2007 within the filing deadlines described in the indictment. The indictment is legally sufficient to apprize the defendants of the relevant time frames of the charges presented to the grand jury.

Finally, defendants contend that the magistrate judge lacks authority to preside over their arraignment without their verbal or written consent. This argument is contrary to the plain reading and interpretation of the Federal Magistrates Act of 1968, as Amended, 28 U.S.C. § 636 et al. Jurisdiction to conduct an arraignment and take a not guilty plea in a felony case is conferred under § 636(b), not as "additional duties" requiring parties to give consent. *Carter v. United States,* 388 F.Supp. 1334 (W.D.Pa.), *aff'd* 517 F.2d 1397 (1975). The defendants appeared in open court to enter their pleas of not guilty, Dockets 13 and 20. D.Ak.L.MR. 3(6)(4) routinely assigns arraignments to magistrate judges in the District of Alaska.

Wherefore, the defendants objections lack merit and the court should deny the defendants' motions to dismiss addressed in the recommendation. this matter shall now be referred to the assigned district judge for his determination.

---

1. Although co-defendant Robin Jensen's name appears in some of the alleged affirmative acts she is not charged in Count 1 with attempt to defeat the payment of a tax.